UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL PAVING OF D.C., INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-113 (RJL) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## DEFENDANT DISTRICT OF COLUMBIA AND MAYOR ADRIAN FENTY'S MOTION TO DISMISS THE COMPLAINT

Defendants District of Columbia and Mayor Adrian Fenty ("the District")[1], through counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectfully move this Court to dismiss plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. In support of this motion, the District states as follows:

1. Plaintiff fails to state a violation of constitutional equal protection based on the challenged statute's alleged disproportionate effect (Count I).

2. Plaintiff fails to state a violation of constitutional equal protection because the challenged statute has a rational basis (Count II).

3. The challenged statute is not unconstitutionally void for vagueness (Count IV).

4. This Court lacks supplemental jurisdiction over any remaining local law claims (Counts III-V).

---

[1] Because Mayor Fenty is only sued in his official capacity, the suit against the Mayor is "to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985)

A memorandum of points and authorities in support of this motion is attached hereto and incorporated by reference.

                              Respectfully submitted,

                              LINDA SINGER
                              Acting Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division


                              /s/ Phillip A. Lattimore, III /s/
                              PHILLIP A. LATTIMORE, III [422968]
                              Chief, General Litigation Section III


                              /s/ Carl J. Schifferle /s/
                              CARL J. SCHIFFERLE [463491]
                              Assistant Attorney General
                              Suite 600S
                              441 Fourth Street, N.W.
                              Washington, D.C. 20001
                              (202) 724-6624
                              (202) 727-3625 (fax)
                              Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL PAVING OF D.C., INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | ) Civil Action No. 07-113 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
|       Defendants. | ) |
| _____ | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA AND MAYOR ADRIAN FENTY'S MOTION TO DISMISS THE
COMPLAINT</u>

I.    INTRODUCTION

      Plaintiff's complaint asks this Court to declare invalid a provision in the District of Columbia Small, Local and Disadvantaged Business Enterprise Act of 2005 ("the Act"), D.C. Code § 2-218.01 <u>et</u> <u>seq</u>.  The Act provides preferences for small, local and disadvantaged businesses in the District's contracting and procurement process.  Plaintiff challenges one particular provision of the Act, which gives a "longtime resident" preference to any local business enterprise that has been in business in the District of Columbia for at least twenty consecutive years.  D.C. Code § 2-218.02 (13).  Related legislative history confirms that the purpose of this provision was to reward "a business' long-time dedication to the District" through "the poorest years of the local economy."  (Compl. Exh. 2 at 4, Committee Report on Bill 16-506, the Longtime Resident Business Definition Amendment Act of 2006).  In considering amendments to the Act, a legislative committee report estimated that the worst years of the local economy did not end until at least fifteen years ago.  (Id.)

Plaintiff complains that the challenged statutory provision violates Fifth Amendment equal protection principles because it has a disproportionate effect on minority-owned businesses. To support this claim of a disparate effect, plaintiff alleges that there are "a significant number of minority-owned businesses," like itself, who have not been in existence for twenty years. (Compl. ¶ 47). Plaintiff's equal protection challenge is also based on a claim that the Act has no rational basis. In this regard, plaintiff claims that the longtime resident preference conflicts with a key purpose of the Act to stimulate and foster greater opportunities for local, small and disadvantaged business enterprises. (Compl. ¶ 53). Plaintiff also claims that the Act is unconstitutionally vague because of alleged ambiguities in the legislation. (Compl. ¶ 62-64). In addition to these federal claims, plaintiff also raises local law challenges. Plaintiff claims that the Act conflicts with the D.C. Procurement Practices Act, (Compl. ¶ 58-59), and that the District has violated the D.C. Administrative Procedure Act, as well as the D.C. Small, Local and Disadvantaged Business Enterprise Act of 2005, by failing to issues rules implementing the Act. (Compl. ¶ 66).

As argued in this motion, this Court should dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Absent an allegation of discriminatory purpose, plaintiff's claim that the Act has a disproportionate effect on minorities fails to state an equal protection violation. Plaintiff similarly fails to show that the statute violates equal protection because the District, as a market participant contracting for services, has a rational basis for providing preferences to longtime resident businesses. The constitutional void-for-vagueness doctrine is not implicated here, because the Act has no application to the plaintiff. Since the federal claims are properly dismissed, this Court lacks supplemental jurisdiction over the remaining local law claims.

II.  ARGUMENT

    A.  <u>Plaintiff Fails to State a Violation of Constitutional Equal Protection Based on the Challenged Statute's Alleged Disparate Impact (Count I)</u>.

Plaintiff's allegation that the Act has a disproportionate impact on minority-owned businesses fails to state a violation of constitutional equal protection. The challenged statute admittedly does not create any racial classification. Moreover, there is no allegation that the legislature had a racially discriminatory purpose in enacting the statute. Plaintiff merely claims that the statute has a racially disproportionate effect. The Supreme Court, however, has long refused to hold "that a law, neutral on its face and serving ends otherwise within the power of government to pursue, is invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than of another." <u>Washington v. Davis</u>, 426 U.S. 229, 242 (1976). As a result, "it [is] clear that official action will not be held unconstitutional solely because it results in a racially disproportionate impact." <u>Village of Arlington Heights v. Metropolitan Housing Development Corp.</u>, 429 U.S. 252, 264-65 (1977). Rather, "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." <u>Id.</u> at 265. Because plaintiff does not allege that the legislature acted with a racially discriminatory intent, plaintiff's claim that the legislation has a disparate effect on minorities fails to state an equal protection violation.

    B.  <u>Plaintiff Fails to State a Violation of Constitutional Equal Protection Because the Challenged Statute Has a Rational Basis (Count II)</u>.

A statutory classification challenged under the equal protection component of the Due Process Clause of the Fifth Amendment must be upheld if it is rationally related to a legitimate

3

government purpose unless the classification discriminates against a suspect class or interferes with the exercise of a fundamental right.  See Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 457-58 (1988).  Here, plaintiff concedes that the statutory classification based on length of residence does not target a suspect class or implicate a fundamental right.  As a result, there is no dispute that the rational basis test applies to the challenged statutory provision.

      Under rational basis review, a legislature is not obligated to articulate the basis for any classification.  Heller v. Doe, 509 U.S. 312, 320 (1993).  Instead, a classification "is accorded a strong presumption of validity" and "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  Id. at 319; FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).  Accord Hodel v. Indiana, 452 U.S. 314, 332-33 (1998) (legislation has a "presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality").  A legislature thus "has no obligation to produce evidence to sustain the rationality of a statutory classification," and "a legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data."  Heller, 509 U.S. at 320 (emphasis added).  "The burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it."  Lenhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973) (emphasis added).  Finally, "rational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices'" and does not "authorize 'the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations . . . .'"  Heller, 509 U.S. at 319, quoting Beach Communications, 508 U.S. at 313, and New Orleans v. Dukes, 427 U.S. 297, 303 (1976) (per curiam).

4

Through the Act's provisions, the District of Columbia is acting as a participant in the free market by deciding with whom it wishes to contract for services. "To the extent that a state is acting as a market participant, it may pick and choose its business partners, its terms of doing business, and its business goals – just as if it were a private party." SSC Corp. v. Town of Smithtown, 66 F.3d 502, 510 (2d. Cir. 1995). The Supreme Court has long instructed courts to give great deference to state and local governments in this area. State and local governments, like any private business, "should similarly share existing freedoms from federal constraints," including "the long recognized right of trader or manufacturer, engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal." Reeves, Inc. v. Stake, 447 U.S. 429, 438-39 (1980), quoting United States v. Colgate & Co., 250 U.S. 300, 307 (1919). Judicial deference is also warranted in government contracting because of "the role of each State as guardian and trustee for its people." Id. at 438 (internal citations omitted). When government acts as a market participant, "the adjustment of interests in this context is a task better suited for [the legislature] than this Court." Id. at 439; accord White v. Massachusetts Council of Constr. Employers, 460 U.S. 204 (1983) (applying same principles when a local government acts as a market participant).

The challenged statutory provision easily satisfies rational basis review. The provision, which awards a "longtime resident" preference in the District's contracting and procurement process, has an obvious and legitimate rationale. The rationale is to reward "a business' long-time dedication to the District" through "the poorest years of the local economy." (Compl. Exh. 2 at 4). In rewarding a business' longtime dedication to the District, the legislature could also have believed it was securing the future vitality of the local economy. In the event of another economic downturn, the longtime resident preference would be an incentive for businesses to

5

remain in the District.  Because the legislature could have conceivably concluded that the poorest years of the local economy occurred at least fifteen years ago, the legislature could also rationally award a longtime resident preference to a local business that had been operating in the District for at least twenty consecutive years.  Courts have repeatedly found a rational basis for similar legislative judgments awarding preferences to its residents where the government acts as a market participant.  See Hughes v. Alexandria Scrap Corp., 426 U.S. 794, 810-14 (1976) (rejecting an equal protection challenge, based on rational basis review, to a statute that favored in-state scrap processors); Red River Service Corp. v. City of Minot, 146 F.3d 583, 590-91 (8th Cir. 1996) (holding that city's decision "to no longer accept municipal solid waste from anyone but its residents and existing customers is rationally related to its goal of preserving the . . . landfill for its residents").

      Plaintiff may not ask this Court to substitute its own judgment for that of the legislature.  In this regard, plaintiff complains that the Act awards too much of a preference to longtime resident businesses and that the amount of time necessary to qualify for the preference – twenty consecutive years in business – is too long.  These issues are certainly debatable, and continue to be the subject of legislative debate.  (See Compl. ¶ 32-36, Exh. 2).  However, that is the point.  The amount of the preference and the length of time necessary to qualify for the preference are quintessential policy judgments entrusted to a democratically-elected legislature.  Again, "the judiciary may not sit as a super-legislature to judge the wisdom or desirability of legislative policy determinations."  Dukes, 427 U.S. at 303.  Similarly, plaintiff misses the mark in claiming that the "longtime resident" preference conflicts with the overall purposes of the Act.  Plaintiff's attempt "to prove that the government's actions were inimical to its intentions . . . is not the proper approach."  Smith Setzer & Sons v. South Carolina Procurement Review Panel, 20 F.3d

6

1311, 1323-24 (4th Cir. 1994). Rather, the only question for rational basis review is whether "there is no reasonable conception" that could justify the government's action. Id. Plaintiff fails this extremely demanding test.

Because there is "no indication of a constitutional plan to limit the ability of the States themselves to operate freely in the free market," Reeves, 447 U.S. at 437, and because the plaintiff cannot negate "every conceivable basis" that might support the challenged statutory provision, Lenhausen, 410 U.S. at 364, plaintiff cannot prevail on an equal protection challenge under a rational basis review.

      C.      The Challenged Statute Is Not Unconstitutionally Void for Vagueness (Count IV).

In a void for vagueness challenge, a court must assess whether a statute "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." United States v. Barnes, 295 F.3d 1354, 1366 (D.C. Cir. 2002), quoting United States v. Lanier, 520 U.S. 259, 266 (1997). Where, as here, plaintiff makes a facial challenge to a law in a case not implicating First Amendment rights, plaintiff must show that the law "is impermissibly vague in all its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982); Navegar, Inc. v. United States, 103 F.3d at 1001-02 (a statute is impermissibly vague on its face only if "it is capable of no valid application").

The void for vagueness doctrine is inapplicable in the present case. Plaintiff claims that the statute is impermissibly vague because it does not explain how a business is formally certified as a "longtime resident" and is unclear on how this particular preference is applied in conjunction with other statutory preferences in certain situations. (Compl. ¶ 62-64). Plaintiff's

7

void for vagueness challenge fails, though, because the statutory provision does not either "forbid or require" plaintiff to do anything under threat of civil or criminal penalty. Barnes, 295 F.3d at 1366. Indeed, plaintiff acknowledges that it is not eligible for the "longtime resident" preference, so it has no application to the plaintiff at all. By the same token, plaintiff also cannot show that the statute is impermissibly vague "in all its applications." Village of Hoffman Estates, 455 U.S. at 495. In addition, plaintiff undoubtedly has the ability "to clarify the meaning of the regulation by its own inquiry, or by resort to an administrative process." Id. at 498. Thus, plaintiff's void for vagueness challenge fails.

   D.  This Court Lacks Supplemental Jurisdiction Over Any Remaining Local Law Claims (Counts III, V).

Because plaintiff's federal claims should be dismissed, this Court lacks supplemental jurisdiction over any remaining local law claims. When federal and local claims derive from a common nucleus of operative fact, the claims constitute a single case or controversy within the jurisdiction of the federal courts. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552-53 (2005); United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367. Laws applicable exclusively to the District of Columbia are not federal law for jurisdictional purposes, see 28 U.S.C. §§ 1331, 1366, "so any claims based on those laws are necessarily local." Decatur Liquors, Inc. v. District of Columbia, 2007 U.S. App. LEXIS 4240, at *5 (D.C. Cir. Feb. 27, 2007). Thus, the plaintiff's claims under the D.C. Procurement Practices Act, the D.C. Administrative Procedures Act, and the D.C. Small, Local and Disadvantaged Business Enterprise Act of 2005, are local law claims (Counts III, V).

8

This Court cannot entertain supplemental jurisdiction over plaintiff's local law claims unless, at a minimum, there is "substantiality of the federal claims." Id., citing Gibbs, 383 U.S. at 725. As demonstrated in the previous argument sections, plaintiff's federal claims are insubstantial and should be dismissed. "Certainly, if the federal claims are dismissed before trial, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. As a result of the dismissal of the federal claims, this Court lacks supplemental jurisdiction over the local law claims. Decatur Liquors, 2007 U.S. App. LEXIS 4240, at *9-10. This Court should therefore dismiss any remaining local law claims without prejudice.

III.   CONCLUSION

This Court should dismiss the plaintiff's Complaint because plaintiff fails to state a federal claim and this Court lacks supplemental jurisdiction over plaintiff's remaining local law claims.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    /s/ Phillip A. Lattimore, III /s/
    PHILLIP A. LATTIMORE, III [422968]
    Chief, General Litigation Section III

    /s/ Carl J. Schifferle /s/
    CARL J. SCHIFFERLE [463491]
    Assistant Attorney General
    Suite 600S
    441 Fourth Street, N.W.

Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL PAVING OF D.C., INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-113 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER

Upon consideration of the Defendants' Motion to Dismiss the Complaint, the memorandum of points and authorities filed in support thereof, any opposition thereto, and the entire record herein, it is by the Court this _____ day of _____, 2007,

ORDERED, that the Defendants' Motion to Dismiss the Complaint is hereby GRANTED; and it is,

FURTHER ORDERED, that the Complaint is hereby DISMISSED for failure to state a federal claim and for lack of supplemental jurisdiction over any remaining local law claims; and it is,

FURTHER ORDERED, that the Plaintiff's Motion for Preliminary Injunction is DENIED as moot.

_____
RICHARD J. LEON
United States District Judge