UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITOL PAVING OF D.C., INC.** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA, et al.** | * | |
| | * | |
| **Defendants.** | | |
| | * | |

**FORT MYER CONSTRUCTION CORPORATION'S MOTION TO INTERVENE**

COMES NOW Fort Myer Construction Corporation ("Fort Myer"), by and through its undersigned counsel, and in accordance with Rule 24 of the Federal Rules of Civil Procedure, respectfully moves to intervene in the above action. In support of this Motion, proposed Intervenor states as follows:

1. Proposed Intervenor Fort Myer is entitled to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure;

2. Proposed Intervenor Fort Myer meets the determinative factors courts have established in permitting intervention as a matter of right.

3. Proposed Intervenor Fort Myer has been granted intervention in the concurrent action between these parties in the District of Columbia Superior Court Case No. CA 06 -8266.[1]

---

[1] Counsel for Defendant District of Columbia has stated that it will consent to the intervention of Fort Myer. Counsel for Plaintiff Capitol Paving denied consent for this Motion.

For the reasons more fully explained in the attached Memorandum, Fort Myer respectfully requests that this Court grant this Motion, and allow Fort Myer to intervene as an interested party in the above action.

        Respectfully submitted,

        *Fort Myer Construction Corporation*
        by its Counsel:

        __/S/__Christopher M. Kerns_____
        Christopher M. Kerns, Esquire
        Bar No. 175091

        _/S/_ John D. Bosley_____
        John D. Bosley, Esquire
        Bar No. 431807
        2237 33rd St, Northeast
        Washington, DC 20018
        jbosley@fortmyer.com
        Telephone: 202-636-9535
        Facsimile: 202-635-5564
        Counsel for Intervenor
        Fort Myer Construction Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene was mailed, first class, postage pre-paid, on this 3rd day of April, 2007, to the following:

    Douglas A. Datt, Esquire
    Gavett and Datt, P.C.
    15850 Crabbs Branch Way, Suite 180
    Rockville, Maryland 20855-2622
    *Attorney for Plaintiff*

    Jack Simmons, Esquire
    Office of Attorney General
    441 4th Street, N.W., Sixth Floor
    Washington, D.C. 20001
    *Attorney for Defendant*

        ___/S/ John D. Bosley_____
        John D. Bosley, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITOL PAVING OF D.C., INC.** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA, et al.** | * | |
| | * | |
| Defendants. | | |
| | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FORT MYER CONSTRUCTION CORPORATION'S MOTION TO INTERVENE**
_____

**I.   INTRODUCTION**

1. On March 3, 2006, the District of Columbia Office of Contracting and Procurement (OCP) issued solicitation on behalf of District of Columbia Department of Transportation ("DDOT") to seek a contractor to rehabilitate various alleys throughout the District (FY05 First Citywide Alley Contract, D.C. Solicitation No. POKA-2005-B-0015-LS).

2. At the bid opening in response to the above Solicitation on June 1, 2006, four bids were received and were opened, including bids from Fort Myer Construction Corporation ("Fort Myer") and from Plaintiff Capitol Paving of D.C., Inc. ("Capitol Paving"). Based upon the face amounts of the bids at the bid opening, Capitol Paving was the apparent low bidder. However, when a DDOT contract specialist tabulated the "Local, Small, Disadvantaged Business Enterprise Responsiveness Determination and Percentage Reduction Worksheet" ("worksheet") for the four bidders, Fort Myer became the evaluated low bidder by

a significant margin. The post bid calculations lowered Fort Myer's bid below Capitol Paving's bid.

3. On June 16, 2006, Plaintiff Capitol Paving filed its protest with the District of Columbia Contract Appeals Board ("CAB") setting forth various arguments of why Fort Myer should not have received the statutory preferences as applied by the District. On October 12, 2006, Chief Administrative Judge of CAB, Jonathon D. Zischkau found no error in relying on the certification of bids made by the contracting officer and denied the protest.

4. On November 13, 2006, Capitol Paving filed a Petition for Review and a Motion to Stay the CAB Decision in the Superior Court for the District of Columbia (Case No. CA 8266-06). Capitol Paving requested this Court to stay the award of the Contract or, in the alternative, to stay the performance of the contract.

5. In February, 2007, Fort Myer moved and was granted standing to intervene in the Superior Court action pursuant to an Order signed by the Honorable Melvin R. Wright. This motion was consented to by all parties.

6. On March 15, 2007, Judge Wright heard arguments on Plaintiff's Motion to Stay the Agency Award. On that same day, Judge Wright ruled to deny Plaintiff's Motion to Stay.

7. Concurrent with the District of Columbia Superior Court case, Plaintiff, on January 17, 2007, filed its federal complaint for declaratory and injunctive relief.

8. On March 20, 2007, Plaintiff filed its motion for preliminary injunction in this Court citing constitutional grounds for enjoining this contract award.

II.    **ARGUMENT**

A. <u>Applicant Intervenor Fort Myer Is Entitled To Intervene As A Matter Of Right Pursuant To Rule 24(a)(2) Of The Federal Rules Of Civil Procedure</u>.

Federal Rule 24 governs an applicant's intervention into a federal case. This rule allows for both intervention as a matter of right (subpart a) and permissive intervention (subpart a). In pertinent part, subpart "a" states as follows:

> (a) Intervention of right.
> Upon timely application anyone shall be permitted to intervene in an action: … (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. Pro. 24(a).

Intervenor Fort Myer respectfully submits that it is entitled to intervene under subsection (a) of the above Rule, as Fort Myer has been designated the low bidder and has been informed that the District of Columbia intends to award Fort Myer a contract under the above Solicitation from the District of Columbia. Accordingly, Fort Myer has a property interest in the contract award which is the subject of this action. An unfavorable disposition of this action will deny Fort Myer the statutorily mandated preference to which it has been awarded and thereby impair Fort Myer's property interest.

B. <u>Applicant Intervenor Fort Myer Meets The Determinative Factors In Permitting An Intervenor To Intervene As A Matter Of Right Pursuant To Rule 24(a)(2)</u>.

The four recognized requirements for intervention as of right are: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate

3

representation by existing parties.  See *Smoke v. Norton,* 252 F.3d 468, 470 (D.C. Cir. 2001).  Applicant Fort Myer satisfies each of these requirements.

With regard to the first factor, timeliness is to be judged in consideration of all the circumstances, especially weighing among other factors, the time elapsed since the inception of the suit and the probability of prejudice to those already parties in the case. *United States v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980).  The instant action was filed in mid-January of this year.  Defendant District of Columbia only recently filed its responsive Motion to Dismiss Plaintiff's Complaint.  As such, this case is in its infant stages and therefore the parties are not prejudiced by Fort Myer's timely intervention.

Next, Fort Myer recognized interest in this litigation is undisputed.  To show a cognizable interest in the subject matter of a lawsuit, a prospective intervenor must allege a legally sufficient defense.  *Williams and Hubert, LTD v. W & H Trade Marks,* 840 F.2d 72, 75 (D.C. Cir. 1988).  Here, Plaintiff Capitol Paving has challenged a lawfully enacted statute that in the context of the citywide alley contract benefits evaluated low bidder Fort Myer.  This challenge clearly affects a property interest held by Fort Myer in the citywide alley contract as well as any future District of Columbia contracts upon which Fort Myer may elect to bid.

As a general matter, an applicant seeking to intervene as of right must show, among other things, that it is "so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect [its] interest." *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998).  Here, Applicant Fort Myer was duly and properly determined to be the evaluated low bidder in a solicitation for a citywide alley restoration contract.  Capitol Paving, the second-place evaluated low bidder, now

4

seeks to declare the evaluation preference granted to Fort Myer constitutionally invalid and to enjoin the District from awarding this contract. The potential termination of a legislatively mandated preference to which Fort Myer qualifies clearly and distinctly impairs Fort Myer's contract interest.

Finally, Fort Myer's interests are not entirely consonant with the interests of the District in this litigation. In assessing whether a proposed intervenor's interest is adequately represented by an existing party, a court must consider whether the proposed intervenor itself has a right to pursue whatever it claims it is inadequately represented in pursuing. *Smoke*, 253 F.3d at 472 (Henderson, J., concurring). Here, proposed intervenor Fort Myer had independent standing to respond to the original bid protest filed on June 16, 2006, by Capitol Paving in the Citywide Alley solicitation. 27 DCMR 301-7. This rule allows any interested party to respond to a protest. *Id.* Fort Myer interests in that protest were the economic concerns of a business faced with the potential loss of a large contract. The District's interests in that protest, while multi-faceted, were that of a government body upholding a bid process. While there was a desire for similar outcomes for both the District and Fort Myer, the potential impact to Fort Myer was distinguishable from that of the District. Because of the similar but divergent interests in this case, Fort Myer simply cannot rely on the District's representation alone in this case to fully protect Fort Myer.

In sum, Fort Myer had statutory standing when it originally responded as an interested party to the bid protest before CAB. In the subsequent Superior Court appeal of the CAB denial of that protest, that court granted Fort Myer intervenor status. Here, by extension, Fort Myer should be permitted to intervene in this action. Fort Myer's

circumstances satisfy the criteria required to intervene.  This intervention request is timely, and in addition, Fort Myer has a substantial interest that could be impaired.  Finally, these interests are distinct and separate from those of the District.

   For all of the foregoing reasons, Applicant Fort Myer Construction Corporation respectfully requests this Court to grant its Motion to Intervene.

            Respectfully submitted,

            ***FORT MYER CONSTRUCTION CORPORATION***
            by its Counsel:


               /S/   Christopher M. Kerns_____
            Christopher M. Kerns, Esquire
            Bar No. 175091


               /S/  John D. Bosley_____
            John D. Bosley, Esquire
            Bar No. 831407
            2237 33rd St, Northeast
            Washington, DC 20018
            Telephone 202-636-9535
            Facsimile 202-635-5564
            E-mail: JBosley@FortMyer.com

## POINTS AND AUTHORITIES

1. Fed. R. Civ. Pro. 24(a);
2. 27 D.C.M.R. 307.1;
3. *Mova Pharmaceutical Corp. v. Shalala*, 140 F.3d 1060 (D.C. Cir. 1998);
*4. Smoke v. Norton,* 252 F.3d 468, 470 (D.C. Cir. 2001);
5. *United States v. AT&T,* 642 F.2d 1285 (D.C. Cir. 1980);
*6. Williams and Hubert, LTD v. W & H Trade Marks,* 840 F.2d 72(D.C. Cir. 1988)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITOL PAVING OF D.C., INC.** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA, et al.** | * | |
| | * | |
| **Defendants.** | * | |

**ORDER**

Upon consideration of the Motion to Intervene filed by Fort Myer Construction Corporation, the proposed intervenor, and based upon the points and authorities set forth in that Motion, and for good cause shown, it is, this ____ day of April, 2007:

*Hereby Ordered* that Fort Myer Construction Corporation shall be added to the above-styled matter as an additional, interested party, and shall be referred to as "Intervenor."

**So Ordered.**

_____
The Honorable Richard J. Leon

*Copies to:*

District of Columbia
Office of the Attorney General
Jack Simmons, Esquire
441 4th Street, N.W., Sixth Floor

1

Washington, D.C. 20001
*Counsel for Respondent*

Douglas A. Datt, Esquire
Gavett and Datt, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland 20855-2622
*Counsel for Petitioner*

Christopher M. Kerns, Esquire
2237 33rd St, Northeast
Washington, DC 20018
*Counsel for Intervenor*