UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| —————————————————— ) | |
| CAPITOL PAVING OF D.C., INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-00113  (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |
| —————————————————— ) | |

**NOTICE OF FILING:**
**EXHIBITS TO DEFENDANTS' SUR-REPLY**
**TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants herewith submit to the Court the Exhibits to their Sur-Reply to Plaintiff's

Motion for Preliminary Injunction, which Sur-Reply was filed on April 4, 2007.  Defendants

were unable to the Exhibits for technical reasons.

Dated: April 5, 2007

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

  /s/   Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, Section 1
DC Bar No. 435163

_/s/_  Jack M. Simmons, III
JACK M. SIMMONS, III
Assistant Attorney General
DC Bar No. 925420
441 Fourth St., NW, Sixth Floor South
Washington, DC  20001-2714
(202) 724-6653
(202) 727-0431   (fax)
jack.simmons@dc.gov
Attorney for Defendant

Exhibit One

FEB 2 2007

DISTRICT OF COLUMBIA REGISTER

ENROLLED ORIGINAL

AN ACT

D.C. ACT 16-622

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA

DECEMBER 28, 2006

*Codification
District of
Columbia
Official Code*

2001 Edition

2007 Winter
Supp.

West Group
Publisher

To amend the Small, Local, and Disadvantaged Business Enterprise Development and
Assistance Act of 2005 to define a longtime resident business as a business that has been
continuously eligible for certification as a local business enterprise for 20 consecutive
years or as a small business enterprise for 15 consecutive years, and to require an agency
evaluating proposals to award 5 points for a resident business enterprise and an agency
evaluating bids to grant a 5% price reduction for a resident business enterprise.

BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this
act may be cited as the "Longtime Resident Business Definition Amendment Act of 2006".

Sec. 2.  The Small, Local, and Disadvantaged Business Enterprise Development and
Assistance Act of 2005, effective October 20, 2005 (D.C. Law 16-33; D.C. Official Code § 2-
218.01 *et seq.*), is amended as follows:

(a) Section 2302(13) (D.C. Official Code § 2-218.02(13)), is amended by striking the
phrase "years." and inserting the phrase "years, or a small business enterprise, as defined in
section 2332, for 15 consecutive years." in its place.

*Amend
§ 2-218.02*

(b)  Section 2343(a) (D.C. Official Code § 2-218.43(a)) is amended as follows:

*Amend
§ 2-218.43*

(1) Paragraph (1)(B) is amended by striking the word "Three" and inserting the
word "Five" in its place.

(2) Paragraph (2)(B) is amended by striking the word "Three" and inserting the
word "Five" in its place.

Sec. 3. Fiscal impact statement.
The Council adopts the fiscal impact statement in the committee report as the fiscal
impact statement required by section 602(c)(3) of the District of Columbia Home Rule Act,
approved December 24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(3)).

Sec. 4. Effective date.
This act shall take effect following approval by the Mayor (or in the event of veto by the
Mayor, action by the Council to override the veto), a 30-day period of Congressional review as

DISTRICT OF COLUMBIA REGISTER

FEB 2 2007

**ENROLLED ORIGINAL**

provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December 24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(1)), and publication in the District of Columbia Register.

_____
Chairman
Council of the District of Columbia

_____
Mayor
District of Columbia
APPROVED
December 28, 2006

Codification District of Columbia Official Code, 2001 Edition        2        West Group Publisher, 1-800-328-9378.

**830**

Exhibit Two



# Council of the District of Columbia
# Legislative Information Management System

● Back      ● Home      ● Help      ● FAQ      ● Contact Us

● **Help**

**Legislation B16-0506
#**


View
Legislation
Online

**Short Title**   "LONGTIME RESIDENT BUSINESS DEFINITION AMENDMENT
ACT OF 2005".

*Previous Page*

## Council Action

| | | | | | |
|---|---|---|---|---|---|
| **Committee Action** | 11/6/2006 | **Report Filed View Report** | 11-27-06 | **COW Action** | 12-05-06 |

**First Vote/Reading**   12-05-06, CC

**Final Vote/Reading**   12-19-06

**Third Vote/ Reading**              **Reconsideration**

## Mayoral Review

| **Transmitted** 12/26/2006 | **Review End Date** 1/10/2007 | **Returned**   12/29/2006 |
|---|---|---|
| | | ☐ **w/o signature** |

| **Veto Date** | **Override Date** | **Act/Resolution #**   A16-0622 |
|---|---|---|
| | | **Enactment/ Action Date**   12/28/2006 |

## Congressional Review

| **Transmitted** 1/24/2007 | **Re-Transmitted** | **Projected DC Law Date**   3/18/2007 |
|---|---|---|

## DC Register Publication

| **Act/Resolution** 2/2/2007 | **Vol** 54 | **Page** 829 | **Law** |
|---|---|---|---|

**D.C. Law**

| Law # | Law Effective Date | Applicability Date | Expiration Date |
|-------|--------------------|--------------------|-----------------|
| L16-0266 | 3/14/2007 | | |

*Previous Page*

Exhibit Three

Council of the District of Columbia
Committee on Economic Development
**Report**
1350 Pennsylvania Avenue, N.W. Washington, D.C. 20004

To:        All Councilmembers

From:      Councilmember Sharon Ambrose, Chair
           Committee on Economic Development

Date:      November 6, 2006

Subject:   Report on Bill 16-506, the "Longtime Resident Business Definition Amendment
           Act of 2006"

The Committee on Economic Development <u>reports favorably</u> on Bill 16-506. the
"Longtime Resident Business Definition Amendment Act of 2006".

**TABLE OF CONTENTS.**

I.      Background, Purpose and Effect
II.     Legislative History
III.    Summary of Testimony
IV.     Fiscal Impact Statement
V.      Section-by-Section Analysis
VI.     Impact on Existing Law
VII.    Committee Action
VIII.   Attachments

## I.    **BACKGROUND, PURPOSE AND EFFECT**

On November 2, 2005 Councilmember Kwame Brown (D-At Large) introduced Bill 16-506, the "Longtime Resident Business Definition Amendment Act of 2006". The purpose of Bill 16-506, as introduced, is to amend the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005 by defining a longtime resident business as a business that had been continuously eligible for certification as a small business enterprise for 10 consecutive years. A Public Hearing was held on this bill on October 20, 2006, with testimony from the public, the Small and Local Business Development Commission, and the Department of Small and Local Business Development. The Committee met on November 6, 2006 to consider and markup Bill 16-506.

## II.   **LEGISLATIVE HISTORY**

November 2, 2005     Bill 16-506 is introduced by Councilmember Kwame Brown.

November 7, 2006     Bill 16-506 is referred to the Committee on Economic Development.

November 18, 2005   Notice of Intent to Act on New Legislation published in the District of
                    Columbia Register.

October 20, 2006    Public Hearing on Bill 16-506 held by the Committee on Economic
                    Development.

November 6, 2006    Committee on Economic Development's markup and consideration of
                    Bill 16-506.

## III.   SUMMARY OF TESTIMONY

A Public Hearing on Bill 16-506 and other measures was held on October 20, 2006, at 10:00 am. Councilmember Kwame Brown presided over the Public Hearing on behalf of Chairperson Sharon Ambrose (D-Ward 6). No other Councilmembers were in attendance during the Committee's consideration of Bill 16-506 which commenced at 1pm. Acting Chairperson Brown called the first witness to the table to give testimony.

**Carmen Price Calhoun, Hodges Enterprises, Inc.** testified in support of the proposed legislation. Ms. Price Calhoun stated that Hodges Enterprises supports the legislation because the reduction in years to be eligible for the preference will allow a number of businesses to qualify for longtime resident business status. Hodges Enterprises also supports the legislation because it will level the playing field for the small business owner with longtime resident business status.

**Terri Woodfolk, Capitol Paving, Inc.** Ms. Woodfolk testified in support of the legislation because the current twenty year requirement for longtime resident business status is at present only available to one out of four local construction firms. Ms. Woodfolk stated that this creates a monopoly and that the law should be changed to require less than twenty years for longtime resident business certification.

**Keith Forney, Forney Enterprises, Inc.** Mr. Forney was not present at the hearing and a representative of his company read a statement prepared by Mr. Forney. According to the statement, Forney Enterprises, Inc. opposes the proposed legislation because the longtime business residency requirement should be thirty years and not ten as proposed by the legislation..

**Warner Sessions, National Minority Business Coalition** testified in strong support of the proposed legislation because it will lower the current law's twenty year requirement for qualification as a longtime resident business enterprise. Mr. Sessions testified that failure to lower the number of years as well as to find a way to reward smaller businesses that qualify will result in an uneven playing field.

Acting Chairperson Brown stated that he agreed with Mr. Sessions and the National Minority Business Coalition. Acting Chairperson Brown then stated that longtime resident businesses should be rewarded for staying in the District through the bad years of the economy. Acting Chairperson Brown further added that the current twenty year requirement may not

reward those companies that remained in the District during the bad years because the economy was not doing well either fifteen years ago.

**Carlos Perdomo, DC Hispanic Contractors Association** testified in support of the proposed legislation. Mr. Perdomo stated that his association had consulted with the Small and Local Business Opportunity Commission regarding the proposed legislation. Mr. Perdomo stated that in working with the Commission, the two entities had produced some suggested changes to the proposed legislation. Mr. Perdomo then stated that his association fully supported the recommendations of the Commission.

**Cardell Shelton, DC Contractors Guild** did not provide the Committee with a written copy of his testimony. Mr. Shelton's oral testimony did not address the proposed legislation directly if at all. Mr. Shelton instead testified on matters not before the Committee.

**Ronne L. Edwards, Acting Director, Department of Small and Local Business Development** testified in support of the proposed legislation. Acting Director Edwards suggested amending the proposed legislation prior to mark-up by reducing the twenty year requirement for longtime resident business certification as well as by including a two-tier point preference system. Under this system, certified small business enterprises and firms with longtime resident business certification will be entitled to receive ten preference points or ten percent price reduction on bids and proposals submitted to the District government. Businesses certified as longtime residents but not as small businesses will be entitled to receive five preference points or five percent price reduction. Acting Director Edwards testified that this change will reduce the significant advantage currently being enjoyed by larger longtime resident businesses when competing for city contracts against smaller companies.

Acting Director Edwards further recommended that the proposed legislation be amended to allow for the granting of five preference points or five percent priced reduction for businesses certified as resident owned business instead of the current three preference points or three percent price reduction awarded to such. Acting Director Edwards stated that this change will enable local businesses that are owned by individuals subject to personal income tax in the District to better compete for city contracts, which in turn assists a group of businesses that directly contribute to the District's tax base.

**Alberto Gomez, Small and Local Business Opportunity Commission** testified in support of the legislation. Mr. Gomez stated his support of the Department's proposed two-tiered system. Mr. Gomez also stated that the Commission viewed a fifteen year residency requirement as the most equitable and best suited for identifying longtime resident businesses.

Acting Chairperson Brown thanked all the witnesses for their testimony and comments. Acting Chairperson Brown then stated that the Committee would take a close look at whether the proposed legislation should require ten or fifteen years to qualify businesses as longtime resident businesses. Acting Chairperson Brown further noted that the two-tiered system would be taken into consideration. Acting Chairperson Brown then adjourned the Public Hearing's consideration

of Bill 16-506 at 1:45 pm.

## IV.    FISCAL IMPACT

Bill 16-506 has no fiscal impact on the District.

## V.    SECTION-BY-SECTION ANALYSIS

**Section 1** of Bill 16-506 provides the title of the bill as the "Longtime Resident Business Definition Amendment Act of 2006".

**Section 2(a)** amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005, effective October 20, 2005 (D.C. Law 16-33; D.C. Official Code § 2-218.01 *et seq.),* by amending Section 2302(13) (D.C. Official Code § 2-218.02(13)) so that it will define a long term resident business enterprises as a business enterprise that has been continuously eligible during fifteen years for certification as a small or local business enterprise. At present, the law defines a long term resident business as a local business enterprise that has been continuously eligible for certification for a period of twenty years. The introduced version of B16-506 required eligibility only for small business enterprises for a period of ten years. The Committee Print reflects the input received from the public that fifteen years is the most equitable period for determining a business' longtime dedication to the District. As the majority of the witnesses testified, a ten year period does not reach far back enough in time to reward those businesses that endured the poorest years of the local economy estimated to have ended at a minimum of 15 years ago. The current law's twenty year requirement is inadequate as it reaches too far back in time and benefits too small a number of businesses.

**Section 2(b)** amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005, (D.C. Law 16-33; D.C. Official Code § 2-218.01 *et seq.),* by amending Section 2343(a) (D.C. Official Code § 2-218.43(a)) to require an agency evaluating proposals to award 5 points for a local business enterprise, 5 points for a resident business enterprise, and 10 points for a local business enterprises also certified as a small business enterprise. In addition, an agency evaluating bids is required to grant a 5% price reduction for a local business enterprise, a 5% price reduction for a resident business enterprise, and a 10% price reduction for a local business enterprise also certified as a small business enterprise. The introduced version of B16-506 did not include such a change in the bid or proposal evaluation system currently in place. The Committee Print reflects the input of the Department of Local Business Development's suggestion of a two-tiered system that rewards small longtime residents businesses ten points/price percentage reduction and five points/price percentage reduction to larger longtime resident businesses.

**Section 3** establishes that the Council adopts the fiscal impact statement attached to the bill.

**Section 4** establishes the effective date of the bill.

## VI.    COMMITTEE REASONING

The Committee on Economic Development recommends the approval of this bill based on the public testimony and other commentary and analysis it received. The Committee's Print reflects key changes made to the introduced version of this bill after the Committee received input at the public hearing. These changes are explained in detail in the section by section analysis of this report. These changes, as evidenced by the attached public testimony, were supported by the majority of those who testified, including public witnesses, the Department of Small and Local Business Development, as well as the Small and Local Business Development Commission.

## VII.   IMPACT ON EXISTING LAW

Bill 16-506 amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005.

## VIII.   COMMITTEE ACTION

The Committee on Economic Development met on November 6, 2006 at 10:00 am to mark-up Bill 16-506 along with other measures. Present at the mark up, were Chairperson Ambrose (D-Ward 6) and Councilembers Kwame Brown (D-At Large), Vincent Orange (D-Ward 5), Jack Evans (D-Ward 2), and Vincent Gray (D-Ward 7). The bill was approved by unanimous voice vote. The meeting was adjourned at 11am.

Committee members voted as follows:

Committee members voting in favor:     **Chairperson Sharon Ambrose**
**Councilmember Vincent Orange**
**Councilmember Kwame Brown**
**Councilmember Jack Evans**
**Councilmember Vincent Gray**

Committee members voting against:     **none**

Committee members present:     **Chairperson Sharon Ambrose**
**Councilmember Vincent Orange**
**Councilmember Kwame Brown**
**Councilmember Jack Evans**
**Councilmember Vincent Gray**

Committee members absent:     **none**

IX.   **ATTACHMENTS**

A.    Bill 16-506 as introduced.
B.    Committee Print of Bill 16-506.
C.    Fiscal Impact Statement.
D.    Public Hearing notice for Bill 16-506 witness list, and copies of testimony.

## WRITTEN TESTIMONY OF TERRI L. WOODFOLK ON BEHALF OF CAPITOL PAVING OF D. C., INC., AT THE PUBLIC HEARING BEFORE THE COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON ECONOMIC DEVELOPMENT, ON BILL 16-506, THE "LONGTIME RESIDENT BUSINESS DEFINITION AMENDMENT ACT OF 2005" ON OCTOBER 20, 2006

My name is Terri L. Woodfolk, and I am over 18 years of age and am competent to testify to the matters set forth herein.

I am the Administrative Office Manager employed by Capitol Paving of D. C., Inc. ("Capitol Paving"), and I have been employed in that capacity since October, 1988.

As Administrative Office Manager, I am responsible for obtaining, monitoring, and keeping current all certifications for Capitol Paving, including all certifications applicable under the Local, Small and Disadvantaged Business Certification Program (now known as the Department of Small and Local Business Development).

I am intimately familiar with the preference point structure as overseen by the Department of Small and Local Business Development and have had extensive experience over the years in the application of preference points and the critical importance of preference points in the ultimate award of a contract under the District of Columbia's procurement system.

Capitol Paving, whose principal place of business is 2211 Channing Street, N. E., Washington, D. C.  20018, is located within Ward 5, and employs numerous individuals that reside throughout the District of Columbia.  Capitol Paving is a minority owned and

operated business, which has performed work in the District of Columbia since 1987. Capitol Paving primarily performs roadway paving and rehabilitation work.

On or about October 1, 2005, the Department of Small and Local Business Development adopted a new preference point structure. A new preference was added for the first time to "Longtime Resident Business" which allotted ten points or a 10 percent reduction in the submitted bid price. The definition of Longtime Resident Business ("LRB") is a business which has been continuously eligible for certification as a local business enterprise for 20 years.

The LRB preference is the only one entitled to 10 points. All other preferences are entitled to 3 or 2 points.

The devastating effect of the new preference for LRB became apparent in connection with D. C. Solicitation No. POKA-205-B-0015-LS (FY'05 First Citywide Alley Contract) which was issued on or about March 3, 2006. The term of the contract is for a period of one year from the date of award, with the District having the capacity to extend the contract for a period of four one-year option periods. The one year price range is $1 million to $5 million, with the contract potentially generating $25 million over five years.

On May 26, 2006, Capitol Paving submitted its bid in a timely fashion. At the bid opening, Capitol Paving was determined to be the apparent low bidder, with a bid of $26,556,255.00. The next lowest bidder was Fort Myer Construction Corporation ("Ft. Myer"), with a bid of $27,132,323.20, a difference of $576,068.20.

On or about June 7, 2006, Capitol Paving was advised that due to the application of preference points, Ft. Myer was in fact the low bidder.

Unknown to Capitol Paving at the time, Ft. Myer received the benefit of the LRB preference, which qualified it as the low bidder on the contract.

Of the four entities that provided bids in response to the Solicitation, only Ft. Myer qualified for the LRB status. In fact, of those entities that consistently respond to bids issued by the District of Columbia for paving and rehabilitation work, Ft. Myer is the only entity that qualifies as an LRB and is thus entitled to the 10 preference points.

The Application of the 10 points or 10 percent reduction in the bid price based on LRB status caused Ft. Myers' bid to be lower than the bid of Capitol Paving by an amount of $2,148,685.48. Notwithstanding the application of the preferences, however, Ft. Myer will perform the work at the price of its bid, which is a half million dollars in excess of the low bid submitted by Capitol Paving.

Capitol Paving has had a long-standing and mutually beneficial relationship with the District since 1987. Capitol Paving supports the presumed intent of the legislation, which was to reward companies that had a long-standing relationship with the District of Columbia, as well as to promote and enhance small and local business development. Unfortunately, the opposite effect has occurred, as the impact of the legislation creates a virtual monopoly for Ft. Myer in bidding on contracts for work in the District of Columbia.

It is the understanding of Capitol Paving that on November 2, 2005, Bill 16-506, Longtime Resident Business Definition Amendment Act of 2005, which proposed a

change from 20 to 10 consecutive years to be eligible for the preference, was introduced for consideration by the Council.  Capitol Paving supports the Amendment since it will enable a variety of companies and businesses to be eligible for the LRB preference, as opposed to only one contractor.

The Amendment will achieve the goal sought by Capitol Paving, which is simply to compete on a level playing field with Ft. Myer or any other contractor.

The legislation creating the LRB preference as presently defined is bad policy, inequitably favors one contractor and, most importantly, results in a disservice to the citizens of the District of Columbia.  As a member of the business community that is directly affected by the present definition of LRB status, Capitol Paving would urge passage of Bill 16-506, Longtime Resident Business Definition Amendment Act of 2005, so that the inequities in the present definition can be eliminated.

Thank you for your time and consideration of my testimony on behalf of Capitol Paving of D. C., Inc.

Exhibit Four

# Capitol Paving of D.C., Inc.
### 2211 CHANNING STREET, N.E.
### WASHINGTON, D.C. 20018
### (202) 529-7225
### Fax (202) 832-4642

January 12, 2007

```
RECEIVED
JAN 1 2 2007
DEPARTMENT OF SMALL AND
LOCAL BUSINESS DEVELOPMENT
```

Mr. Erik Moses
Interim Director
Department of Small and Local Business Development
One Judiciary Square
Suite 970-N
441 4th Street, N.W.
Washington, D.C. 20001

RE:    Request for Upgrade to Current Certification for Capitol Paving of D.C.,
       Inc. (Certification #L 0920078862)

Dear Mr. Moses:

Capitol Paving of D.C., Inc. is formally requesting consideration by the DSLBD for an upgrade of our current certification. We are requesting certification as a "Small Business Concern". This request is made based on language contained in the **Legislative History of Title II Subtitle N. Small, Local, and Disadvantaged Business Enterprise Development and Assistance – Fiscal Year 2006 Budget Support Act of 2005 (B16-200/ A16-166)**. I have enclosed a copy of the pertinent pages (Section entitled The Act 16-166 In The Council of The District of Columbia – July 26, 2005, pages 82 and 83). I am also enclosing a copy of our current Central Contractor Registration Form which identifies Capitol Paving as a Small Business for NAICS Codes 237110 and 237310.

Please do not hesitate to contact our office if additional information is required, and thank you in advance for your timely consideration of this request.

Sincerely,

Terri L. Woodfolk
Executive Assistant

**ENROLLED ORIGINAL**

the responsibilities of the Commission under this subtitle.

Sec. 2324.  Record keeping.
(a)  A record of the proceedings of the Commission shall be kept and files shall be maintained.
(b)  The Commission shall maintain a register of all applicants for registration showing for each applicant the date of the application, name, qualifications, place of business, place of applicant's residence, and whether the certificate was granted or denied.
(c)  The books and register of the Commission shall be prima facie evidence of all matters recorded therein.

Sec. 2325.  By-laws and internal rules.
The Commission may promulgate, amend, repeal, and enforce any by-laws and internal rules of operation, consistent with the provisions of this subtitle, as may be necessary or appropriate to carry out its responsibilities under this subtitle.

Part D. Programs for Certified Business Enterprises.
Subpart 1.  Certified business enterprises.
Sec. 2331.  Local business enterprises.
A business enterprise shall be eligible for certification as a local business enterprise if the business enterprise:
(1)  Has its principal office located physically in the District of Columbia;
(2)  Requires that its chief executive officer and the highest level managerial employees of the business enterprise maintain their offices and perform their managerial functions in the District; and
(3)(A)  Is licensed pursuant to Chapter 28 of Title 47 of the District of Columbia Official Code;
(B)  Is subject to the tax levied under Chapter 18 of Title 47 of the District of Columbia Official Code; or
(C)  Is a business enterprise identified in § 47-1808.01 (1) through(5) of the District of Columbia Official Code and more than 50% of the business is owned by residents of the District.

Sec. 2332.  Small business enterprises.
(a)  A business enterprise shall be eligible for certification as a small business enterprise if the business enterprise:
(1)(A)  Is a local business enterprise; or
(B)  Is a qualified metropolitan area business enterprise;
(2)  Is independently owned, operated, and controlled; and
(3)(A)  Is certified by the United States Small Business Administration as a small

RECEIVED

JAN 1 2 2007

DEPARTMENT OF SMALL AND
LOCAL         DEVELOP

**ENROLLED ORIGINAL**

business concern under the Small Business Act, approved July 18, 1958 (72 Stat. 863; 15 U.S.C. § 631 *et seq.*); or

            (B) Has had average annualized gross receipts for the 3 years preceding certification not exceeding the following limits:

| | |
|---|---|
| Construction, Heavy (Street and Highways, Bridges, etc.) | $23 million |
| Construction, Building (General Construction, etc.) | $21 million |
| Construction, Specialty Trades | $13 million |
| Goods and Equipment | $20 million |
| General Services | $19 million |
| Professional Services, Personal Services (Hotel, Beauty, Laundry, etc.) | $5 million |
| Professional Services, Business Services | $10 million |
| Professional Services, Health and Legal Services | $10 million |
| Professional Services, Health Facilities Management | $19 million |
| Manufacturing Services | $10 million |
| Transportation and Hauling Services | $13 million |
| Financial Institutions | $300 million. |

    (b) A business enterprise that is affiliated with another business enterprise through common ownership, management, or control shall be eligible for certification as a small business enterprise if:

            (1) The business enterprise seeking certification as a small business enterprise is a local business enterprise or a qualified metropolitan area business enterprise;

            (2) The consolidated financial statements of the affiliated business enterprises do not exceed the average annualized gross receipt limits established by subsection (a)(3)(B) of this section; and

            (3) In the event of a parent-subsidiary affiliation, the parent company qualifies for certification as a small business enterprise.

    (c) If a business enterprise seeking certification as a small business enterprise is affiliated only with one or more business enterprises that are in a different line of business, subsection (b) of this section shall not apply, and the business enterprise shall be eligible for certification as a small business enterprise if it meets the requirements of subsection (a) of this section.

    Sec. 2333.  Disadvantaged business enterprises.

    (a)  A business enterprise shall be eligible for certification as a disadvantaged business enterprise if the business enterprise is:

            (1)  Owned, operated, and controlled by economically disadvantaged individuals; and

        (2)(A)  Is a local business enterprise; or

            (B)  Is a qualified metropolitan area business enterprise.

    (b)  A business enterprise that is affiliated with another business enterprise through common ownership, management, or control shall be eligible for certification as a disadvantaged business



## Advanced Search Information

Search Again   Print Record

**FOR OFFICIAL USE ONLY**

──────── **General Information** ────────

Current Registration Status: **Active in CCR; Registration valid until 05/16/2007.**

| | |
|---|---|
| DUNS: | |
| DUNS PLUS4: | |
| CAGE/NCAGE Code: | |
| Legal Business Name: | **CAPITAL PAVING OF DC, INC** |
| Doing Business As (DBA): | |
| Division Name: | |
| Division Number | |
| Company URL: | |

| | |
|---|---|
| Physical Street Address 1: | **2211 CHANNING ST NE** |
| Physical Street Address 2: | |
| Physical City: | **WASHINGTON** |
| Physical State: | **DC** |
| Physical Zip/Postal Code: | **20018-2127** |
| Physical Country: | **USA** |

| | |
|---|---|
| Mailing Name: | **CAPITOL PAVING OF D.C., INC.** |
| Mailing Address: | **2211 CHANNING STREET, N.E.** |
| Mailing Address 2: | |
| Mailing City: | **WASHINGTON** |
| Mailing State: | **DC** |
| Mailing Zip/Postal Code: | **20018-2127** |
| Mailing Country: | **USA** |

| | |
|---|---|
| Business Start Date: | **11/09/1987** |

──────── **Corporate Information** ────────

Type of Organization
**Corporate Entity, Not Tax Exempt
(State of Incorporation is DC)**

Business Types/Grants
**23  - Minority Owned Business
B1 - Construction Firm
PI  - Hispanic American Owned
VN - Contracts
XS - S Corporation**

──────── **Goods / Services** ────────

North American Industry Classification System (NAICS)
**237110  WATER AND SEWER LINE AND RELATED STRUCTURES CONSTRUCTION
237310  HIGHWAY, STREET, AND BRIDGE CONSTRUCTION
238110  POURED CONCRETE FOUNDATION AND STRUCTURE CONTRACTORS**

Standard Industrial Classification (SIC)
**1611 HIGHWAY AND STREET CONSTRUCTION**
**1622 BRIDGE, TUNNEL, & ELEVATED HIGHWAY**
**1623 WATER, SEWER, AND UTILTTY LINES**
**1771 CONCRETE WORK**

Product Service Codes (PSC)
-

Federal Supply Classification (FSC)
-



RECEIVED

JAN 1 2 2007

DEPARTMENT OF SMALL AND
LOCAL BUSINESS DEVELOPMENT

──────────── **Small Business Types** ────────────
SDB, 8A, and HubZone certifications come from the Small Business Administration and are not editable
vendors.

| Business Types | Expiration Date |
|---|---|
| **21 - Small Business** | -- |

North American Industry Classification System (NAICS)
The small business size status is derived from the revenues and/or number of employees entered by
vendor during the registration process.

| NAICS Code | Description | Small Business | Emerging Sr Business |
|---|---|---|---|
| 237110 | **WATER AND SEWER LINE AND RELATED STRUCTURES CONSTRUCTION** | Yes | No |
| 237310 | **HIGHWAY, STREET, AND BRIDGE CONSTRUCTION** | Yes | No |
| 238110 | **POURED CONCRETE FOUNDATION AND STRUCTURE CONTRACTORS** | No | No |

──────────── **Points of Contact** ────────────

| Government Business POC Primary | | Government Business POC Alternate | |
|---|---|---|---|
| Name: | **PHUONG D. TRAN** | Name: | **PHUONG D. TRAN** |
| Address Line 1: | **2211 CHANNING STREET, N.E,** | Address Line 1: | **2211 CHANNING STREET, N** |
| Address Line 2: | | Address Line 2: | |
| City: | **WASHINGTON** | City: | **WASHINGTON** |
| State: | **DC** | State: | **DC** |
| Zip/Postal Code: | **200182127** | Zip/Postal Code: | **200182127** |
| Country: | **USA** | Country: | **USA** |
| U.S. Phone: | **(202) 529-7225**  Ext: | U.S. Phone: | **(202) 529-7225**  Ext: |
| Non-U.S. Phone: | | Non-U.S. Phone: | |
| Fax: | **(202) 832-4642** | Fax: | **(202) 832-4642** |

| Past Performance POC Primary | | Past Performance POC Alternate | |
|---|---|---|---|
| Name: | **PHUONG D. TRAN** | Name: | **TERRI L. WOODFOLK** |
| Address Line 1: | **2211 CHANNING STREET, N.E.** | Address Line 1: | **2211 CHANNING STREET, N** |
| Address Line 2: | | Address Line 2: | |
| City: | **WASHINGTON** | City: | **WASHINGTON** |
| State: | **DC** | State: | **DC** |
| Zip/Postal Code: | **200182127** | Zip/Postal Code: | **200182127** |
| Country: | **USA** | Country: | **GBR** |
| U.S. Phone: | **(202) 529-7225**  Ext: | U.S. Phone: | **(202) 529-7225**  Ext: |
| Non-U.S. Phone: | | Non-U.S. Phone: | |

| Fax: | (202) 832-4642 | | Fax: | (202) 832-4642 |
|---|---|---|---|---|

| | Electronic Business POC Primary | | | Electronic Business POC Alternate |
|---|---|---|---|---|
| Name: | PHUONG D. TRAN | | Name: | TERRI L. WOODFOLK |
| Address Line 1: | 2211 CHANNING STREET, N.E. | | Address Line 1: | 2211 CHANNING STREET, N |
| Address Line 2: | | | Address Line 2: | |
| City: | WASHINGTON | | City: | WASHINGTON |
| State: | DC | | State: | DC |
| Zip/Postal Code: | 200182127 | | Zip/Postal Code: | 200182127 |
| Country: | USA | | Country: | USA |
| U.S. Phone: | (202) 529-7225  Ext: | | U.S. Phone: | (202) 529-7225  Ext: |
| Non-U.S. Phone: | | | Non-U.S. Phone: | |
| Fax: | (202) 832-4642 | | Fax: | (202) 832-4642 |

---

**Return to Previous Page**
**Return to Search Page**
**Return to the CCR Home Page**
**Return to the BPN.gov Home Page**

FOR OFFICIAL USE ONLY

**The Search function is designed for single inquiries only.** For information about products and services for mass inquiries or tailored extracts, access this site: TDP Extracts (excessive usage is monitored

**Note to all users:** This is a Federal Government computer system. U this system constitutes consent to monitoring at all times.

Exhibit Five

# SLBOC Commission Meeting
## APRIL 10, 2007

| Company Name | Action Requested | LBOC Decision | Specialist | Decision | Reason |
|---|---|---|---|---|---|
| 4010 Third Street Partners, LLC | Certification | L S Z | CB | | |
| A.G. Hill & Associates, PC | Recertification | L S R D-deny D | CB | | |
| Administrative Support Associates | Certification | L S R | MM | | |
| Alicia Smith & Associates, LLC | Recert/Upgrade | L S R Z | YR | | |
| Antonio Washington, M.D. | Certification | L S D Z R | MM | | |
| Artisys Corporation | Certification | L S D | MH | | |
| Bison Technology | Certification | L S D Z | MH | | |
| Brookland Enterprises, Inc. | Recertification | L S D R | MM | | |
| Cannon's Construction Co. | Recert/Upgrade | L S D Z | YR | | |
| Capitol Paving of DC, Inc. | Upgrade | L S | CB | | |
| Craftmaster's of DC, Inc. | Certification | L S | MM | | |
| Excel Associates, LLC | Certification | L S D Z R | CB | | |
| Fedvar Corporation | Certification | L S D Z R | MM | | |
| C & G HVAC Mechanical | Certification | L S D Z | MH | | |
| Garcete Construction | Recertification | L S D | MH | | |
| Gibbs Contracting, Inc. | Certification | L S D | MM | | |
| Gini Corp | Recert/Upgrade | L S D Z | MH | | |
| Graves & Horton, LLC | Certification | L S D R Z | YR | | |
| Group Interactive, Inc. | Certification | L S D R | MM | | |
| Hodges Enterprises, Inc. | Upgrade to LRB (X) | L S D X | YR | | |
| HollandHill Construction, LLC | Certification | L S D R | YR | | |
| Horton & Barber Construction Services, LLC | Recertification | L S D R | MM | | |
| Independence Federal Savings Bank | Recertification | L S | YR | | |
| Innovative Security Services, LLC | Certification | L S D R Z | YR | | |
| J.H. Badby, Inc. | Recert/Upgrade | L S D Z R | MM | | |
| Kreative Ways & Solutions, LLC | Certification | L S D Z R | MM | | |
| Marcus Assets Group, Inc. | Recertification | L S R | MH | | |
| Maryn Consulting, Inc. | Recertification | L S Z | MH | | |
| Network Engineering, Inc. | Upgrade for codes | L S D Z | MH | | |
| New Light Technologies Inc. | Recertification | L S D Z R | YR | | |
| Opportunity Systems, Inc. | Recertification | L S | YR | | |
| Paige International, Inc. | Recertification | L S R | CB | | |
| Pensare Design Group LTd. | Certification | L S Z R | MH | | |
| Plan Green | Certification | L S R | MH | | |

# SLBOC Commission Meeting
## APRIL 10, 2007

| | | | | | |
|---|---|---|---|---|---|
| Premier Consultants International, Inc. | Recertification | L S D | MM | | |
| Psychological Assessment Solutions, LLC | Certification | L S D | YR | | |
| Quality Consulting Services Corporation | Recertification | L S D Z | YR | | |
| Ring Leighton Design Group | Recertification | L S | MM | | |
| Scully Capital Services, Inc. | Certification | L S | MM | | |
| Smoot Construction of DC, Inc. | Recertification | L R | MM | | |
| The Carrington Group, Inc. | Certification | L S D Z | CB | | |
| The Glynn Group, Inc. | Recertification | L S D Z | YR | | |
| Triage Group | Upgrade | L S D | MH | | |
| Trinity II Corporation | Certification | L S D Z | MH | | |
| Trusted Solutions Group, Inc. | Recertification | L S Z | MM | | |
| Unity Construction of D.C. | Recert/Upgrade | L S D R Z X | YR | | |
| Universal Floors, Inc. | Certification | L S | CB | | |
| Zahn Design Architects, PC | Certification | L S R Z | CB | | |
| | | | | | |
| **STREET VENDOR APPLICATIONS** | | | | | |
| Awraris Vending | Certification | L S R | MH | | |
| B-Sharp Enterprise | Certification | L S R | MH | | |
| Delle & Campbell LLC | Certification | L S R | MH | | |
| Designer Unlimited | Certification | L S R | MH | | |
| Frehiwet Teshome | Certification | L S R | MH | | |
| Semhar Vending | Certification | L S R | MH | | |
| The Great Zimbabwe | Certification | L S R | MH | | |
| | | | | | |
| **OLD BUSINESS** | | | | | |
| Construction & Safety Services, LLC | Certification | L S D | CB | | |
| Halcyon Construction Services, Inc. - held ROB 6/13/0 | Upgrade | L S R | YR | | |
| Networking For Future, Inc. - held 3/07 for full lease | Recertification | L S D Z | YR | | |
| Sampson T. A. & Associates, PLLC | Certification | L S D | MH | | |
| | | | | | |
| **Enforcement (Intent To Revoke)** | | | | | |
| Motir Services, Inc. | Revoke | | NB | | |