UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                          )
CAPITOL PAVING OF D.C., INC.,          )
                    Plaintiff,                        )
                                                          )
             v.                                          )   Civil Action No. 07-00113  (RJL)
                                                          )
DISTRICT OF COLUMBIA, *et al.*,       )
                    Defendants.                    )
_____ )

**NOTICE OF FILING:**
**LEGISLATIVE HISTORY**

Pursuant to the request of the Court at the April 5, 2007, hearing on Plaintiff's motion for

a preliminary injunction, Defendants herewith file the legislative history to the Longtime

Resident Business Definition Amendment Act of 2006, D.C. Law No. 16-266, as provided by the

D.C. Council.


Dated:  April 5, 2007

                              Respectfully submitted,

                              LINDA SINGER
                              Acting Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General
                              Civil Litigation Division



                                /s/   Kimberly M. Johnson
                              KIMBERLY MATTHEWS JOHNSON
                              Chief, Section 1
                              DC Bar No. 435163

   /s/   Jack M. Simmons, III
JACK M. SIMMONS, III
Assistant Attorney General
DC Bar No. 925420
441 Fourth St., NW, Sixth Floor South
Washington, DC  20001-2714
(202) 724-6653
(202) 727-0431  (fax)
jack.simmons@dc.gov
Attorney for Defendant

Council of the District of Columbia
Committee on Economic Development
**Report**
1350 Pennsylvania Avenue, N.W. Washington, D.C. 20004

| | |
|---|---|
| To: | All Councilmembers |
| From: | Councilmember Sharon Ambrose, Chair     _SA_ |
| | Committee on Economic Development |
| Date: | November 6, 2006 |
| Subject: | Report on Bill 16-506, the "Longtime Resident Business Definition Amendment Act of 2006" |

The Committee on Economic Development <u>reports favorably</u> on Bill 16-506. the "Longtime Resident Business Definition Amendment Act of 2006".

**TABLE OF CONTENTS.**

I.      Background, Purpose and Effect
II.     Legislative History
III.    Summary of Testimony
IV.     Fiscal Impact Statement
V.      Section-by-Section Analysis
VI.     Impact on Existing Law
VII.    Committee Action
VIII.   Attachments

I.      **BACKGROUND, PURPOSE AND EFFECT**

On November 2, 2005 Councilmember Kwame Brown (D-At Large) introduced Bill 16-506, the "Longtime Resident Business Definition Amendment Act of 2006". The purpose of Bill 16-506, as introduced, is to amend the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005 by defining a longtime resident business as a business that had been continuously eligible for certification as a small business enterprise for 10 consecutive years. A Public Hearing was held on this bill on October 20, 2006, with testimony from the public, the Small and Local Business Development Commission, and the Department of Small and Local Business Development. The Committee met on November 6, 2006 to consider and markup Bill 16-506.

II.     **LEGISLATIVE HISTORY**

November 2, 2005    Bill 16-506 is introduced by Councilmember Kwame Brown.

November 7, 2006    Bill 16-506 is referred to the Committee on Economic Development.

| November 18, 2005 | Notice of Intent to Act on New Legislation published in the District of Columbia Register. |
| October 20, 2006 | Public Hearing on Bill 16-506 held by the Committee on Economic Development. |
| November 6, 2006 | Committee on Economic Development's markup and consideration of Bill 16-506. |

## III.   SUMMARY OF TESTIMONY

A Public Hearing on Bill 16-506 and other measures was held on October 20, 2006, at 10:00 am. Councilmember Kwame Brown presided over the Public Hearing on behalf of Chairperson Sharon Ambrose (D-Ward 6). No other Councilmembers were in attendance during the Committee's consideration of Bill 16-506 which commenced at 1pm. Acting Chairperson Brown called the first witness to the table to give testimony.

**Carmen Price Calhoun, Hodges Enterprises, Inc.** testified in support of the proposed legislation. Ms. Price Calhoun stated that Hodges Enterprises supports the legislation because the reduction in years to be eligible for the preference will allow a number of businesses to qualify for longtime resident business status. Hodges Enterprises also supports the legislation because it will level the playing field for the small business owner with longtime resident business status.

**Terri Woodfolk, Capitol Paving, Inc.** Ms. Woodfolk testified in support of the legislation because the current twenty year requirement for longtime resident business status is at present only available to one out of four local construction firms. Ms. Woodfolk stated that this creates a monopoly and that the law should be changed to require less than twenty years for longtime resident business certification.

**Keith Forney, Forney Enterprises, Inc.** Mr. Forney was not present at the hearing and a representative of his company read a statement prepared by Mr. Forney. According to the statement, Forney Enterprises, Inc. opposes the proposed legislation because the longtime business residency requirement should be thirty years and not ten as proposed by the legislation..

**Warner Sessions, National Minority Business Coalition** testified in strong support of the proposed legislation because it will lower the current law's twenty year requirement for qualification as a longtime resident business enterprise. Mr. Sessions testified that failure to lower the number of years as well as to find a way to reward smaller businesses that qualify will result in an uneven playing field.

Acting Chairperson Brown stated that he agreed with Mr. Sessions and the National Minority Business Coalition. Acting Chairperson Brown then stated that longtime resident businesses should be rewarded for staying in the District through the bad years of the economy. Acting Chairperson Brown further added that the current twenty year requirement may not

2

reward those companies that remained in the District during the bad years because the economy was not doing well either fifteen years ago.

**Carlos Perdomo, DC Hispanic Contractors Association** testified in support of the proposed legislation. Mr. Perdomo stated that his association had consulted with the Small and Local Business Opportunity Commission regarding the proposed legislation. Mr. Perdomo stated that in working with the Commission, the two entities had produced some suggested changes to the proposed legislation. Mr. Perdomo then stated that his association fully supported the recommendations of the Commission.

**Cardell Shelton, DC Contractors Guild** did not provide the Committee with a written copy of his testimony. Mr. Shelton's oral testimony did not address the proposed legislation directly if at all. Mr. Shelton instead testified on matters not before the Committee.

**Ronne L. Edwards, Acting Director, Department of Small and Local Business Development** testified in support of the proposed legislation. Acting Director Edwards suggested amending the proposed legislation prior to mark-up by reducing the twenty year requirement for longtime resident business certification as well as by including a two-tier point preference system. Under this system, certified small business enterprises and firms with longtime resident business certification will be entitled to receive ten preference points or ten percent price reduction on bids and proposals submitted to the District government. Businesses certified as longtime residents but not as small businesses will be entitled to receive five preference points or five percent price reduction. Acting Director Edwards testified that this change will reduce the significant advantage currently being enjoyed by larger longtime resident businesses when competing for city contracts against smaller companies.

Acting Director Edwards further recommended that the proposed legislation be amended to allow for the granting of five preference points or five percent priced reduction for businesses certified as resident owned business instead of the current three preference points or three percent price reduction awarded to such. Acting Director Edwards stated that this change will enable local businesses that are owned by individuals subject to personal income tax in the District to better compete for city contracts, which in turn assists a group of businesses that directly contribute to the District's tax base.

**Alberto Gomez, Small and Local Business Opportunity Commission** testified in support of the legislation. Mr. Gomez stated his support of the Department's proposed two-tiered system. Mr. Gomez also stated that the Commission viewed a fifteen year residency requirement as the most equitable and best suited for identifying longtime resident businesses.

Acting Chairperson Brown thanked all the witnesses for their testimony and comments. Acting Chairperson Brown then stated that the Committee would take a close look at whether the proposed legislation should require ten or fifteen years to qualify businesses as longtime resident businesses. Acting Chairperson Brown further noted that the two-tiered system would be taken into consideration. Acting Chairperson Brown then adjourned the Public Hearing's consideration

of Bill 16-506 at 1:45 pm.

## IV. FISCAL IMPACT

Bill 16-506 has no fiscal impact on the District.

## V. SECTION-BY-SECTION ANALYSIS

**Section 1** of Bill 16-506 provides the title of the bill as the "Longtime Resident Business Definition Amendment Act of 2006".

**Section 2(a)** amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005, effective October 20, 2005 (D.C. Law 16-33; D.C. Official Code § 2-218.01 *et seq.*), by amending Section 2302(13) (D.C. Official Code § 2-218.02(13)) so that it will define a long term resident business enterprise as a business enterprise that has been continuously eligible during fifteen years for certification as a small or local business enterprise. At present, the law defines a long term resident business as a local business enterprise that has been continuously eligible for certification for a period of twenty years. The introduced version of B16-506 required eligibility only for small business enterprises for a period of ten years. The Committee Print reflects the input received from the public that fifteen years is the most equitable period for determining a business' longtime dedication to the District. As the majority of the witnesses testified, a ten year period does not reach far back enough in time to reward those businesses that endured the poorest years of the local economy estimated to have ended at a minimum of 15 years ago. The current law's twenty year requirement is inadequate as it reaches too far back in time and benefits too small a number of businesses.

**Section 2(b)** amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005, (D.C. Law 16-33; D.C. Official Code § 2-218.01 *et seq.*), by amending Section 2343(a) (D.C. Official Code § 2-218.43(a)) to require an agency evaluating proposals to award 5 points for a local business enterprise, 5 points for a resident business enterprise, and 10 points for a local business enterprises also certified as a small business enterprise. In addition, an agency evaluating bids is required to grant a 5% price reduction for a local business enterprise, a 5% price reduction for a resident business enterprise, and a 10% price reduction for a local business enterprise also certified as a small business enterprise. The introduced version of B16-506 did not include such a change in the bid or proposal evaluation system currently in place. The Committee Print reflects the input of the Department of Local Business Development's suggestion of a two-tiered system that rewards small longtime residents businesses ten points/price percentage reduction and five points/price percentage reduction to larger longtime resident businesses.

**Section 3** establishes that the Council adopts the fiscal impact statement attached to the bill.

Section 4 establishes the effective date of the bill.

## VI.  COMMITTEE REASONING

The Committee on Economic Development recommends the approval of this bill based on the public testimony and other commentary and analysis it received. The Committee's Print reflects key changes made to the introduced version of this bill after the Committee received input at the public hearing. These changes are explained in detail in the section by section analysis of this report. These changes, as evidenced by the attached public testimony, were supported by the majority of those who testified, including public witnesses, the Department of Small and Local Business Development, as well as the Small and Local Business Development Commission.

## VII.  IMPACT ON EXISTING LAW

Bill 16-506 amends the Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005.

## VIII.  COMMITTEE ACTION

The Committee on Economic Development met on November 6, 2006 at 10:00 am to mark-up Bill 16-506 along with other measures. Present at the mark up, were Chairperson Ambrose (D-Ward 6) and Councilembers Kwame Brown (D-At Large), Vincent Orange (D-Ward 5), Jack Evans (D-Ward 2), and Vincent Gray (D-Ward 7). The bill was approved by unanimous voice vote. The meeting was adjourned at 11am.

Committee members voted as follows:

Committee members voting in favor:
      **Chairperson Sharon Ambrose**
      **Councilmember Vincent Orange**
      **Councilmember Kwame Brown**
      **Councilmember Jack Evans**
      **Councilmember Vincent Gray**

Committee members voting against:    **none**

Committee members present:
      **Chairperson Sharon Ambrose**
      **Councilmember Vincent Orange**
      **Councilmember Kwame Brown**
      **Councilmember Jack Evans**
      **Councilmember Vincent Gray**

Committee members absent:    **none**

IX.    **ATTACHMENTS**

A.    Bill 16-506 as introduced.
B.    Committee Print of Bill 16-506.
C.    Fiscal Impact Statement.
D.    Public Hearing notice for Bill 16-506 witness list, and copies of testimony.

## WRITTEN TESTIMONY OF TERRI L. WOODFOLK ON BEHALF OF CAPITOL PAVING OF D. C., INC., AT THE PUBLIC HEARING BEFORE THE COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON ECONOMIC DEVELOPMENT, ON BILL 16-506, THE "LONGTIME RESIDENT BUSINESS DEFINITION AMENDMENT ACT OF 2005" ON OCTOBER 20, 2006

My name is Terri L. Woodfolk, and I am over 18 years of age and am competent to testify to the matters set forth herein.

I am the Administrative Office Manager employed by Capitol Paving of D. C., Inc. ("Capitol Paving"), and I have been employed in that capacity since October, 1988.

As Administrative Office Manager, I am responsible for obtaining, monitoring, and keeping current all certifications for Capitol Paving, including all certifications applicable under the Local, Small and Disadvantaged Business Certification Program (now known as the Department of Small and Local Business Development).

I am intimately familiar with the preference point structure as overseen by the Department of Small and Local Business Development and have had extensive experience over the years in the application of preference points and the critical importance of preference points in the ultimate award of a contract under the District of Columbia's procurement system.

Capitol Paving, whose principal place of business is 2211 Channing Street, N. E., Washington, D. C. 20018, is located within Ward 5, and employs numerous individuals that reside throughout the District of Columbia. Capitol Paving is a minority owned and

operated business, which has performed work in the District of Columbia since 1987. Capitol Paving primarily performs roadway paving and rehabilitation work.

On or about October 1, 2005, the Department of Small and Local Business Development adopted a new preference point structure. A new preference was added for the first time to "Longtime Resident Business" which allotted ten points or a 10 percent reduction in the submitted bid price. The definition of Longtime Resident Business ("LRB") is a business which has been continuously eligible for certification as a local business enterprise for 20 years.

The LRB preference is the only one entitled to 10 points. All other preferences are entitled to 3 or 2 points.

The devastating effect of the new preference for LRB became apparent in connection with D. C. Solicitation No. POKA-205-B-0015-LS (FY'05 First Citywide Alley Contract) which was issued on or about March 3, 2006. The term of the contract is for a period of one year from the date of award, with the District having the capacity to extend the contract for a period of four one-year option periods. The one year price range is $1 million to $5 million, with the contract potentially generating $25 million over five years.

On May 26, 2006, Capitol Paving submitted its bid in a timely fashion. At the bid opening, Capitol Paving was determined to be the apparent low bidder, with a bid of $26,556,255.00. The next lowest bidder was Fort Myer Construction Corporation ("Ft. Myer"), with a bid of $27,132,323.20, a difference of $576,068.20.

On or about June 7, 2006, Capitol Paving was advised that due to the application of preference points, Ft. Myer was in fact the low bidder.

Unknown to Capitol Paving at the time, Ft. Myer received the benefit of the LRB preference, which qualified it as the low bidder on the contract.

Of the four entities that provided bids in response to the Solicitation, only Ft. Myer qualified for the LRB status. In fact, of those entities that consistently respond to bids issued by the District of Columbia for paving and rehabilitation work, Ft. Myer is the only entity that qualifies as an LRB and is thus entitled to the 10 preference points.

The Application of the 10 points or 10 percent reduction in the bid price based on LRB status caused Ft. Myers' bid to be lower than the bid of Capitol Paving by an amount of $2,148,685.48. Notwithstanding the application of the preferences, however, Ft. Myer will perform the work at the price of its bid, which is a half million dollars in excess of the low bid submitted by Capitol Paving.

Capitol Paving has had a long-standing and mutually beneficial relationship with the District since 1987. Capitol Paving supports the presumed intent of the legislation, which was to reward companies that had a long-standing relationship with the District of Columbia, as well as to promote and enhance small and local business development. Unfortunately, the opposite effect has occurred, as the impact of the legislation creates a virtual monopoly for Ft. Myer in bidding on contracts for work in the District of Columbia.

It is the understanding of Capitol Paving that on November 2, 2005, Bill 16-506, Longtime Resident Business Definition Amendment Act of 2005, which proposed a

change from 20 to 10 consecutive years to be eligible for the preference, was introduced for consideration by the Council.  Capitol Paving supports the Amendment since it will enable a variety of companies and businesses to be eligible for the LRB preference, as opposed to only one contractor.

The Amendment will achieve the goal sought by Capitol Paving, which is simply to compete on a level playing field with Ft. Myer or any other contractor.

The legislation creating the LRB preference as presently defined is bad policy, inequitably favors one contractor and, most importantly, results in a disservice to the citizens of the District of Columbia.  As a member of the business community that is directly affected by the present definition of LRB status, Capitol Paving would urge passage of Bill 16-506, Longtime Resident Business Definition Amendment Act of 2005, so that the inequities in the present definition can be eliminated.

Thank you for your time and consideration of my testimony on behalf of Capitol Paving of D. C., Inc.

## COUNCIL OF THE DISTRICT OF COLUMBIA
### 1350 Pennsylvania Avenue, N.W.
### Washington, D.C. 20004

**Memorandum**

To:         Members of the Council

From:       Ira Stohlman, Acting Secretary to the Council

Date:       November 7, 2005

Subject:    Referral of Proposed Legislation


Notice is given that the attached proposed legislation was introduced in the Office of the Secretary on Wednesday, November 02, 2005. Copies are available in Room 10, the Legislative Services Division.


TITLE: "Longtime Resident Business Definition Amendment Act of 2005", B16-0506


INTRODUCED BY:  Councilmember Brown


The Chairman is referring this legislation to the Committee on Economic Development.


Attachment

cc: General Counsel
    Budget Director
    Legislative Services

Councilmember Kwame R. Brown

1
2
3
4
5                                    A BILL
6
7                                   _____
8
9               IN THE COUNCIL OF THE DISTRICT OF COLUMBIA
10
11                                 _____
12
13
14    Councilmember Kwame R. Brown introduced the following bill, which was referred to the
15          Committee on _____.
16
17    To amend the "Small, Local, and Disadvantaged Business Enterprise Development and
18          Assistance Act of 2005" to provide that a business enterprise seeking to meet the
19          definition of a longtime resident business, that such an entity is bound by the size
20          standard of a small business enterprise and must have been continuously certified as such
21          for 10 consecutive years.
22
23          BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this

24    act may be cited as the "Longtime Resident Business Definition Amendment Act of 2005".

25                  Sec. 2.  Section 2302 (a)(13) of the Small, Local, and Disadvantaged Business

26    Enterprise Development and Assistance Act of 2005, signed by the Mayor July 26, 2005 (D.C.

27    Act 16-166), is amended by striking the phrase "eligible for certification as a local" and inserting

28    the phrase "certified as a small" in its place; and by striking the phrase "2331, for 20" and

29    inserting the phrase "2332, for 10" in its place.

30          Sec. 3. Fiscal impact statement.

31          The Council adopts the fiscal impact statement in the committee report as the fiscal

32    impact statement required by section 602(c)(3) of the District of Columbia Home Rule Act,

33    approved December 24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(3)).

34          Sec. 4. Effective date.

1    This act shall take effect following approval by the Mayor (or in the event of veto by the

2    Mayor, action by the Council to override the veto), a 30-day period of Congressional review as

3    provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December

4    24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(1)), and publication in the District of

5    Columbia Register.

6

COMMITTEE PRINT                                                            1
Committee on Economic Development                                         2
November 6, 2006                                                          3

A BILL                                          4

16-506                                          5

IN THE COUNCIL OF THE DISTRICT OF COLUMBIA      6

                                                                          7

To amend the Small, Local, and Disadvantaged Business Enterprise Development and Assistance    8
   Act of 2005 to define a longtime resident business as a business that has been              9
   continuously eligible for certification as a local business enterprise or as a small business   10
   enterprise for 15 consecutive years, and to require an agency evaluating proposals to       11
   award 5 points for a local business enterprise, 5 points for a resident business enterprise,   12
   and 10 points for a local business enterprises also certified as a small business enterprise   13
   and an agency evaluating bids to grant a 5% price reduction for a local business            14
   enterprise, a 5% price reduction for a resident business enterprise, and a 10% price        15
   reduction for a local business enterprise also certified as a small business enterprise.    16

   BE IT ENACTED BY THE COUNCIL OF THE DISTRICT OF COLUMBIA, That this        17
act may be cited as the "Longtime Resident Business Definition Amendment Act of 2006".    18

   Sec. 2.  The Small, Local, and Disadvantaged Business Enterprise Development and       19

Assistance Act of 2005, effective October 20, 2005 (D.C. Law 16-33; D.C. Official Code § 2-    20

218.01 et seq.), is amended as follows:                                                   21

   (a) Section 2302(13) (D.C. Official Code § 2-218.02(13)), is amended by striking the    22

phrase"for 20" and inserting the phrase "or a small business enterprise, as defined in § 2332, for    23

15" in its place.                                                                         24

   (b)  Section 2343(a) (D.C. Official Code § 2-218.43(a)) is amended as follows:         25

   (1) Paragraph (1) is amended as follows:                                               26

1

(A) Subparagraph (B) is amended by striking the word "Three" and
inserting the word "Five" in its place.

(B) Subparagraph (C) is amended by striking the phrase "longtime resident
business;" and inserting the phrase "small business enterprise that is also certified as a longtime
resident business;" in its place.

(C) Add a new subparagraph (G) to read as follows:

"(G) Five points for a local business enterprise that is also certified as a
longtime resident business enterprise.".

(2) Paragraph (2) is amended as follow:

(A) Subparagraph (B) is amended by striking the word "Three" and
inserting the word "Five" in its place.

(B) Subparagraph (C) is amended by striking the phrase "longtime resident
business;" and inserting the phrase "small business enterprise that is also certified as a longtime
resident business;" in its place.

(C) Add a new subparagraph (G) to read as follows:

"(G) Five percent for a local business enterprise that is also certified as a
longtime resident business enterprise.".

Sec. 3. Fiscal impact statement.

The Council adopts the fiscal impact statement in the committee report as the fiscal
impact statement required by section 602(c)(3) of the District of Columbia Home Rule Act,
approved December 24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(3)).

Sec. 4. Effective date.

2

 

This act shall take effect following approval by the Mayor (or in the event of veto by the
Mayor, action by the Council to override the veto), a 30-day period of Congressional review as
provided in section 602(c)(1) of the District of Columbia Home Rule Act, approved December
24, 1973 (87 Stat. 813; D.C. Official Code § 1-206.02(c)(1)), and publication in the District of
Columbia Register.

1
2
3
4
5

3

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### Office of the Chief Financial Officer



Natwar M. Gandhi
Chief Financial Officer

## MEMORANDUM

TO:        **The Honorable Linda W. Cropp**
           **Chairman, Council of the District of Columbia**

FROM:      Natwar M. Gandhi
           **Chief Financial Officer**

DATE:      NOV -6 2006

SUBJECT:   **Fiscal Impact Statement: "Longtime Resident Business Definition**
           **Amendment Act of 2006"**

REFERENCE: **Bill 16-506 (Draft Committee Print, November 6, 2006)**

### Conclusion

Funds are sufficient in the FY 2007 through FY 2010 budget and financial plan to implement the
provisions of the proposed legislation. No additional staff or resources will be required.

### Background

The proposed legislation amends existing law defining resident businesses and small businesses
in the District of Columbia. It also amends provisions relating to bid and proposal preferences for
local resident small businesses.

The proposed legislation would reduce the residency requirement for longtime resident
businesses from 20 years to 15 years. In addition, the proposed legislation would increase the
number of preference points from 3 to 5 for resident-owned business enterprises and would
clarify that 10 points will be awarded to small business enterprises that are also certified as
longtime resident businesses.

### Financial Plan Impact

The proposed legislation will not impact the FY 2007 through FY 2010 budget and financial
plan. No additional staff or resources will be required.

Council of the District of Columbia
Committee on Economic Development
WITNESS LIST
1350 Pennsylvania Avenue, N.W. Washington, D.C. 20004

COUNCILMEMBER SHARON AMBROSE, CHAIRPERSON
COMMITTEE ON ECONOMIC DEVELOPMENT,
ANNOUNCES A PUBLIC HEARING ON BILL 16-868, "NEW TOWN AT CAPITAL
CITY MARKET REVITALIZATION DEVELOPMENT AND PUBLIC/PRIVATE
PARTNERSHIP ACT OF 2006", PROPOSED RESOLUTION 16-875, THE
"DISPOSITION OF SQUARE 4546, LOT 164, ALSO KNOWN AS THE ROSEDALE
SITE, APPROVAL RESOLUTION OF 2006", PROPOSED RESOLUTION 16-864, THE
"DISTRICT OF COLUMBIA FINANCE AGENCY HARRY D. SEWELL
CONFIRMATION RESOLUTION OF 2006", BILL 16-506, THE "LONGTIME
RESIDENT BUSINESS DEFINITION AMENDMENT ACT OF 2006"AND BILL 16-902,
THE "NATIONAL CAPITAL REVITALIZATION CORPORATION LAND TRANSFER
CLARIFICATION AMENDMENT ACT OF 2006"

Friday, October 20, 2006- 10:00 am
5th Floor Council Chamber
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

## PR 16-864, the DC Housing Finance Agency Harry D. Sewell Confirmation

Roderic L. Woodson, Holland and Knight
Harry D. Sewell

## PR 16-875, Disposition of Rosedale Site

Mfon Ibangha, ANC Commissioner 6A08
Andy Boticello, President of IDSBC

## Bill 16-902, NCRC Land Transfer Clarification Amendment Act

Public Witness Panel
Andy Litsky, ANC 6D
Ed Johnson, Private Citizen
Angela Rooney , Private Citizen

Public Witness Panel
Mary Rowan, Private Citizen
Walter Smith, Executive Direction, DC Appleseed
Kevin Traver, Executive Director, National Maritime Heritage Foundation

<u>Public Witness Panel</u>
Anne Sellin, Private Citizen
Tony Norman, Mc Millan Park Committee
Nate Mathews, Private Citizen

<u>Public Witness Panel</u>
Ron McBee, Southwest Neighborhood Assembly
Philip J. Blair, Jr., Private Citizen
Jane Hunnington, Private Citizen
Cardell Shelton, DC Contractors Guild

<u>Government Panel</u>
John Ross, Office of the CFO, Office of Economic Development Finance

<u>Government Panel</u>
Anthony Freeman, President & CEO, NCRC
Therman Baker, General Counsel & COO, NCRC
Neil Moran, CFO, NCRC

<u>Government Panel</u>
Adrian Washington, Executive Director, Anacostia Waterfront Corporation

## Bill 16-506, Longtime Resident Business Definition Amendment

<u>Public Witness Panel</u>
Carmen Price Calhoun, Hodges Enterprises, Inc.
Terri L. Woodfolk, Capital Paving of DC. Inc.
Keith Forney, Forney Enterprises, Inc.

<u>Public Witness Panel</u>
Warner Sessions, National Minority Business Coalition
Carlos Perdomo, President, DC Hispanic Contractors Association
Cardell Shelton, DC Contractors Guild

<u>Government Witness</u>
Ronnie Edwards, Acting Director, Department of Small Local Business
Alberto Gomez, D.C. Small and Local Business Opportunity Commission

# LUNCH BREAK

## Bill 16-868, New Town at Capital City Market

<u>Government Witness</u>
Stanley Jackson, Deputy Mayor for Planning and Economic Development
Deborah Crain, Office of Planning

Public Witness Panel
John Ray, Counsel, New Town Development, LLC
Sang Oh Choi, New Town Development, LLC
Jae Choi, New Town Development

Public Witness Panel
Paul Pascal, Pascal & Weiss, P.C.

Public Witness Panel
Harry Thomas, Jr., Democratic Candidate Ward 5
Frank Malone, Chair ANC 5A
Bob King, Commissioner ANC 5A
Charles Mann, Principle, Alliant Merchants Services, LLC

Public Witness Panel
William Shelton, ANC Chair ANC 5B
Wilhelmina Lawson, ANC Commissioner, ANC 5B06
Kathy Henderson, Commissioner ANC 5B10
Robert Brannum, Commissioner ANC 5C04

Public Witness Panel
Dennis Myers, Manager, Washington, DC Carpenters Union
Ray Sneed, President, DC Firefighters Association
Kristopher Baumann, Chairman, Faternal Order of Police
Cardell Shelton, DC Contractors Guild

Public Witness Panel
Audrey Ray, Chair, Ivy City Coalition
Eartha Isaac, President, Eckington Civic Association
Clay White, Representative, Washington Teachers Union
Dr. Kenneth Mirman, Sam Mirman Inc. and Circle M Realty

Public Witness Panel
Latoya Foster, Capital Area Minority Contractors and Business Association
Nick Deoudes, Private Citizen
Terrance Williams, FAIA
Perry Queen, Director, Community Services Center for Asian Americans

Public Witness Panel
Jerry Lozupone, DC Building Trades
Chea Choi, DC Farmers Market LLC
Richard Layman, Citizens Planning Coalition
Patricia Robinson, DC Farmers Market
Abed Almaala, Private Citizen

## WRITTEN TESTIMONY OF CARMEN S. PRICE
## ON BEHALF OF HODGES ENTERPRISES, INC.,
## AT THE PUBLIC HEARING BEFORE THE
## COUNCIL OF THE DISTRICT OF COLUMBIA,
## COMMITTEE ON ECONOMIC DEVELOPMENT, ON BILL 16-506,
## THE "LONGTIME RESIDENT BUSINESS
## DEFINITION AMENDMENT ACT OF 2005"
## ON OCTOBER 20, 2006

My name is Carmen S. Price, and I am over 18 years of age and am competent to testify to the matters set forth herein.

I am the Secretary and Treasurer for Hodges Enterprises, Inc. ("Hodges Enterprises").

I am responsible for obtaining and keeping current all certifications for Hodges Enterprises, which includes certifications under the Local, Small and Disadvantaged Business Certification Program.

Hodges Enterprises has its principal place of business at 1645 Fort Dupont Street, S. E., Washington, D. C. 20020. The company was originally formed as B&K Trucking in February of 1986, and changed its name to Hodges Enterprises, Inc., in March of 2003. Hodges Enterprises primarily provides services for the hauling of topsoil, dirt, concrete, and debris and to maintain and provide hauling service agreements, both as a general contractor and subcontractor. Hodges Enterprises is presently certified as a local, small, and disadvantaged business under the Department of Small and Local Business Development criteria.

Hodges Enterprises has applied for Longtime Resident Business ("LRB") status, and the certification is presently pending.

The entire purpose of providing preference points in the competitive bid process is to encourage and support local, small, and disadvantaged businesses, such as Hodges Enterprises. While Hodges Enterprises is eligible to receive certification as an LRB, the present legislation would require Hodges Enterprises as a small business entity to compete with a large business entity that is also eligible for the LRB preference points. The LRB as presently defined provides an unnecessary advantage for a large business, in that the large business would also be entitled to the ten preference points or a 10 percent reduction in the submitted bid price.

This result undercuts the goal of the Department of Small and Local Business Development, which is to promote local, small, and disadvantaged business development in the District of Columbia. It is the understanding of Hodges Enterprises that Bill 16-506, Longtime Resident Business Definition Amendment Act of 2005, will change the time requirement from 20 to 10 consecutive years to be eligible for the LRB preference. In addition, the Amendment removes the requirement for certification as a local business enterprise and instead requires certification as a small business enterprise. Hodges Enterprises supports the Amendment, as the reduction in years to be eligible for the preference will allow a number of businesses to potentially qualify for LRB status. In addition, the Amendment levels the "playing field" for the small business owner, as the language of the Amendment requires a contractor to be small, as opposed to local, in order to be eligible for the LRB preference. Thus, the amendment rewards those companies and businesses that have had an ongoing relationship with the District of

Columbia for at least 10 consecutive years, yet also encourages small businesses by exclusively allowing them to be eligible for the LRB preference.

The legislation in its present form does not further the goals of the local, small, and disadvantaged business certification program now administered through the Department of Small and Local Business Development. Hodges Enterprises supports the adoption of the Amendment to the present definition of LRB status so that small and local businesses will be supported and encouraged, and so that the advantages to a large contractor inherent in the present definition can be eliminated.

Thank you for your time and consideration of my testimony on behalf of Hodges Enterprises, Inc.

THE LIFEBLOOD FOR ANY VILLAGE, TOWN, CITY, STATE, OR COUNTRY ARE THE BUSINESSES AND BUSINESS OPPORTUNITIES THAT EXIST WITHIN THAT COMMUNITY. BECAUSE GOVERNMENT UNDERSTANDS THAT THE BUSINESS COMMUNITY CREATES THE EMPLOYMENT, GENERATES BOTH CORPORATE AND INDIVIDUAL TAXES, AND PROVIDES THE GOODS AND SERVICES REQUIRED BY THE COMMUNITY: ALL OF WHICH GENERATES THE REVENUE BASE BY WHICH THE GOVERNMENT OPERATES. THAT THROUGHOUT HISTORY GOVERNMENT AT EVERY LEVEL HAS SOUGHT TO ENSURE THE VITALITY OF ITS LOCAL BUSINESS COMMUNITY.

IN SO DOING GOVERNMENT IS FACED WITH THE ON-GOING DILEMIMA OF ENSURING THE VITALITY OF THE LONG-TERM BUSINESS COMMUNITY; THAT IS THOSE BUSINESSES WHICH HAVE MAINTAINED A PRESENCE WITHIN ITS BOUNDRIES OVER AN EXTENDED PERIOD OF TIME AND YET ALSO ENSURE THAT THOSE VERY SAME BUSINESSES DON'T CROWD OUT THE GROWTH OPPORTUNITIES FOR THOSE SMALL TO MEDIUM; UP & COMING BUSINESSES WHOM MIGHT SOMEDAY BECOME/REPLACE THOSE OLDER BUSINESSES WHOSE TIME HAS COME.   THIS IS A VERY DELICATE BALANCING ACT WHICH MUST BE CONTINUALLY MONITORED.

IN 1992 THE DISTRICT OF COLUMBIA ENACTED THE LSDBE ACT WHICH WAS DESIGNED TO CREATE CAPACITY AMONGST THE LSDBE COMMUNITY AND TO STIMULATE ECONOMIC DEVELOPMENT WITHIN THE CITY.   CURRENTLY THIS ACT HAS 6 CLASSIFICATIONS WHICH ARE AS FOLLOWS:

- LBE (Local Business Enterprise) : 2 points
- SBE (Small Business Enterprise) : 3 points
- DBE (Disadvantaged Business Enterprise) : 2 points
- DZE (Development Enterprise Zone) : 2 points
- ROB (Resident Owned Business) : 3 points
- LRB (Longtime Resident Business) : 10 points

AS A RESULT OF SOME RECENT LEGISLATION TO ADD THIS LAST CATEGORY. THE BUSINESSES WHO ARE ELIGIBLE FOR THE LRB CERTIFICATION RECEIVE. IN ONE FELL SWOOP, THE MAXIMUM 12 PREFERENCE POINTS. WHILE AT THE SAME TIME ALL OTHER FIRMS RANGING FROM STARTUP TO ESTABLISHED COMPANIES WHO ARE ALSO ELIGIBLE FOR UP TO 12, POINTS, BUT MUST CLEAR ALL 5 HURDLES TO ACHIEVE THE MAXIMUM. THEREFORE THIS LEGISLATION HAS PLACED THE SMALL. DISADVANTAGED, ENTERPRISE ZONE, RESIDENT OWNER COMMUNITY: WHO ARE IN GREATEST NEED OF THE KIND OF DEVELOPMENTAL ASSISTANCE ENVISIONED BY THE PROGRAM'S CREATORS, IN A COMPETITIVE DISADVANTAGE AGAINST THOSE WELL-ESTABLISHED FIRMS WHO NEED LITTLE IF ANY ASSISTANCE. WHETHER INTENDED OR NOT, THE NET RESULT IS THAT THIS BODY IS RUNNING THE RISK OF SACRIFICING THE UP & COMING BUSINESS COMMUNITY TO ENSURE THE OLD GUARD BUSINESSES HAVE THE MAXIMUM ADVANTAGE TO WIN THE NEW PROJECTS BY THIS DISPROPORTIONATE ALLOTMENT OF PREFERNECE POINTS.

THE ONLY SAVING GRACE FOR US SMALLER. LESS ESTABLISHED BUSINESSES IS THAT THE POOL OF BUSINESSES ELIGIBLE FOR THE "LONGTIME RESIDENT" CATEGORY IS CURRENTLY FAIRLY SMALL. HOWEVER. SHOULD THIS BODY ELECT TO EXPAND THAT POOL BY REDUCING THE TIME REQUIREMENT BY 10 YEARS IT WILL IN AFFECT JEOPARDIZE THE VITALITY OF ALL OF THE STARTUP BUSINESSES (YEARS 1 – 10) FOR THE SAKE OF THOSE WHO HAVE SURVIVED PAST THE POINT WHERE MOST STARTUP BUSINESSES FAIL. AGAIN, THOSE WHO NEED THE MOST GET THE LEAST WHILE THOSE WHO NEED LESS GET MORE...SOUNDS LIKE A 1600 PENN AVE PROGRAM? LET'S BE CLEAR. THE POINTS THESE 10 YEAR PLUS OLD BUSINESSES WERE ABLE TO GARNER ARE STILL AVAILABLE TO THEM AND SO IF THEY MADE IT TO 10 YEARS THEN THEY SHOULD MAKE IT ANOTHER 10 WITH THOSE SAME POINTS. PERHAPS.

THOUGH I AM UNCERTAIN, PERHAPS A BUSINESS SHOULD RECEIVE SOME SPECIAL CONSIDERATION FOR BEING AROUND 20 YEARS; HOWEVER, 10 YEARS IS TOO SHORT A TIME AND IT WILL MAKE ELIGIBLE A NUMBER OF MAJORITY FIRMS FOR THE 12 POINTS. THIS WILL MEAN FIRMS LIKE MINE WILL RECEIVE THE SAME OR LESS POINTS THAN FIRMS SUCH AS THOMPKINS, SIGAL, AND OTHERS WHO ALREADY HAVE THE CAPCITY TO GOBBLE UP ALL OF THE SMALL TO MEDIUM SIZED OPPORTUNITIES FOR WHICH THE SMALL BUSINESS COMMUITY NEEDS IF WE ARE TO GROW AND BECOME A VITAL PART OF THE CITY'S BUSINESS COMMUNITY.

LEAST WE FORGET, IF THE PLAYING FIELD WERE LEVEL WE WOULD NOT NEED THE SDBE PART OF THE PROGRAM. THIS PROGRAM WAS DESIGNED TO HELP LEVEL THAT FIELD AND NOT TO ENHANCE LOCAL BUSINESSES IN GENERAL...I BELIEVE EVERYONE IN THIS ROOM UNDERSTANDS THAT THE FIELD IS NOT LEVEL NOR IS IT LIKELY TO BE ANYTIME IN THE NEAR FUTURE. AGAIN I REMIND ALL HERE THAT THE PURPOSE OF THE LSDBE PROGRAM IS TO PROVIDE A MEANS FOR THE DISADVANTAGED BUSINESS COMMUNITY TO GAIN A LEG UP IN THEIR EFFORTS TO BUILD CAPACITY AND THEREBY STRENGTHEN THE CITY'S OVERALL ECONOMIC UNDERPINNING...IF THAT NO LONGER IS THE PURPOSE OF THE PROGRAM IN THE MIND OF THIS ASTUTE BODY THEN WE ARE INTO A DIFFERENT KIND OF DISCUSSION ALTOGETHER. AS SUCH THE PASSING OF THIS PROVISION OF THE BILL WILL SEND A STRONG MESSAGE TO THE SMALL, DISADVANTAGED RESIDENT BUSINESS OWNER COMMUNITY IN THE CITY...THAT MESSAGE IS THAT THE LSDBE PROGRAM IS ABOUT PROVIDING ASSISTANCE TO THE LOCAL FIRMS, BE THEY DISADVANTAGED OR NOT...THAT THIS BODY IS WILL TO PLACE AT RISK IT'S SMALL BUSINESS COMMUITY FOR THE SAKE OF A SOME GREEDY FIRMS WHO WEREN'T SATISFIED WITH HAVING TO SHARE THE PIE.

I SUBMIT TO ALL THAT ANY GOVERNMENT'S LONG-TERM VIABILITY IS, TO A GREAT DEGREE, BASED ON HOW IT CULTIVATES, PROTECTS, AND PROVIDES A MEANS FOR THIS GENERATION'S SMALL BUSINESS COMMUNITY TO BECOME THE NEXT GENERATION'S MEDIUM TO LARGE BUSINESS COMMUNITY. ONE THING IS FOR SURE, IF YOU DON'T GROW SOME OF WHAT YOU NEED AT HOME, AT SOME POINT THE TECHINCAL KNOW-HOW TO PRODUCE AT HOME WILL GREATLY DEMINISH AND THEN YOU WILL HAVE TO IMPORT MORE OF YOUR NEEDS...THAT IS MORE OFTEN THAN NOT A COSTLY PROPOSITION.

MY STORY IS JUST THAT, I WAS TAKEN UNDER THE WINGS OF MTI CONSTRUCTION COMPANY; A DC BASED GENERAL CONTRACTOR WHO DID WORK WITHIN THE CITY FOR OVER 30 YEARS. AS THE OWNER WAS READY TO RETIRE AND CLOSED HIS DOORS I WAS ABLE TO WIN OUR FIRST CONTRACT SOME SIX YEARS AGO, AS A RESULT OF THE LSDBE PROGRAM AND SO JUST AS HE CLOSED HIS DOORS I WAS ABLE TO PICK UP SOME OF HIS EXISTING EMPLOYEES, MANY OF WHICH LIVE IN WASHINGTON. SINCE THAT TIME WE HAVE COMPLETED NUMEROUS PROJECTS AS A GENERAL CONTRACTOR WITHIN THE DISTRICT OF COLUMBIA AND WE RECENTLY JOINT VENTURED WITH MANHATTAN CONSTRUCTION COMPANY TO BID A $161 MILLION PROJECT WHERE WE WERE THE 51% MAJORITY JOINT VENTURE PARTNER. WHAT DOES THAT MEAN...IT MEANS AS ONE OF THE OLD GUARD FADED FROM THE SCENE ANOTHER WAS ABLE TO TAKE ITS PLACE. OUR GROWTH OVER THE LAST 6 YEARS WOULD PROBABLY NOT HAVE BEEN POSSIBLE HAD WE HAD TO COMPETE AGAINST OTHER MAJORITY COMPANIES COMPETING IN THE SAME MARKET WITH THE SAME PRICE ADVANTAGE.   OUR ABILITY TO CONTINUE TO GROW WILL ALSO BE IN JEOPARDY.

IN THE FINAL ANALYSIS THERE IS NO REAL REASON TO REDUCE THE WAITING TIME TO RECEIVE THE BENEFITS DERIVED FROM BEING AWARDED 12 PERFERENCE POINTS FROM 20 TO 10 YEARS.  FOR THE FIRST 20 YEARS IF A FIRM WANTS 12 POINTS THEY SHOULD EARN IT BY DOING WHAT IS REQUIRED TO GET THEM.  CURRENTLY THE RULES SAY THE FOLLOWING:

"**LRB – Longtime Resident Business** – This term is for a business that has been continuously eligible for certification as a local business enterprise (LBE) for 20 years. "

THE OPERATIVE WORD HERE IS "ELIGIBLE."  IF THOMPKINS IS ELIGIBLE FOR 2 POINTS THIS REDUCTION IN TIME WILL MEAN THAT UPON APPROVAL OF THIS LEGISLATION THOMPKINS WILL GARNER 12 POINTS AND WE WILL THEN BE FORCED TO COMPETE HEAD TO HEAD WITH A COMPANY OWNED BY TURNER CONSTRUCTION, ONE OF THE LARGEST CONSTRUCTION FIRMS IN THE COUNTRY WITH UNLIMITED EVERYTHING...IS THAT WHAT THIS BODY INTENDS...BECAUSE THAT IS EXACTLY WHAT YOU WILL BE DOING.  IF THAT IS THE CASE THEN YOU MIGHT AS WELL REMOVE THE "SMALL DISADVANTAGED BUSINESS PROGRAM" OFF THE MARQUE BECAUSE THIS BODY WILL HAVE DECLARED THAT THE EFFORT TO ASSIST SMALL FIRMS TO GROW NULL AND VOID FOR ANYONE WANTING TO BECOME A PRIME CONTRACTOR BECAUSE YOU HAVE NO DESIRE TO ENSURE THAT IS A VIABLE OPTION.  IF YOU REALLY WANT TO DO SOMETHING FOR THE SDBE COMMUNITY, MAKE ELIGIBILITY 30 YEARS RATHER THAN 20 AND THEREBY ONLY REWARD THOSE FIRMS WHO HAVE PAID THE PRICE OVER THE LONG HAUL

THE FOLLOWING TESTIMONY WAS GIVEN BY FORNEY ENTERPRISES, INC.

**Testimony of the National Minority Business Coalition**
**Before the**
**Committee on Economic Development**
**Council of the District of Columbia**

**Concerning the**
**"Longtime Resident Business Definition Amendment Act of 2005" Bill 16-506**
**Friday October 21, 2006, 10:00 A.M**

Good morning Chairman Ambrose and members of the Committee. My name is Warner H. Session, Esq., principal of the Session Law Firm, P.C., and Chair of the Government Affairs Committee for the National Minority Business Coalition (NMBC). I am here today to testify on behalf of the Coalition and our members, as well as of the interests of all District Local, Small, and Disadvantaged Business Enterprises, or "LSDBEs". We are pleased to submit to you the following comments concerning proposed Bill 16-506, the "Longtime Resident Business Definition Amendment Act of 2005".

The National Minority Business Coalition is a group of District-based businesses that have joined together to support and promote local business opportunity legislation and the implementation program of the Office of Contracts and Procurement. Most of our member businesses are LSDBE-certified and hire predominately District residents.

The National Minority Business Coalition strong favors this legislation introduced by Councilmember Kwame Brown and urges this Committee to adopt it. NMBC has worked closely over the past two years with the Council and with Councilmember Brown in particular, to refine the Small, Local, and Disadvantaged Business Enterprise ("LSDBE") law. Part and parcel of that refinement has been clarifying the definitions of "small", "local" and "disadvantaged" to ensure that small local businesses – the intended beneficiaries of the law – get the maximum practicable opportunity to participate in District Government procurement. We believe that, in the past, the law has had the unintended consequence of short-changing truly small local businesses because large local businesses have been able to become LSDBE certified. As a result of the LSDBEs amendments offered by Councilmember Brown and adopted by the Council as part of the Budget Support Act, we now have a law that places the focus and preference on small businesses, where it should have always been. Specifically, those changes include

- Elevating Office of Local Business Development to Department status and focusing on business development as opposed to just certification
- Focusing procurement strategy on truly small business as opposed to just local business
- Changing Point Structure
- Instituting Mandatory Small Business Set Asides

Also, consistent with that new focus, a new category called "long-time resident business" was added and allocated 10 preference points. The legislative intent was to reward those small companies that have been operating in the District of Columbia for a sustained

number of years. However, the original legislation made eligibility for this category contingent upon a company being LSDBE eligible for 20 years and required that the company only be local.  After further consideration and discussion with Councilmember Brown, we concluded that eligibility should be lowered to 10 years and that a company must be small in order to receive these points.  Otherwise, we would again be rewarding large businesses at the expense of small businesses.  Therefore, NMBC supports Bill 16-506 and urges that the Council adopt it.

I will be happy to answer any questions.

**D.C. Hispanic Contractors Association**
**1600 K Street, N.W.   Suite 350**
**Washington, DC 20006**
**(202)857-7903   Fax: (202)857-7908**

## Testimony before the Council of the District of Columbia
## Public Round Table on Long Term Resident Business

October 20, 2006

Testimony presented by:   Carlos Perdomo
                          President of the DC Hispanic Contractors Association
                          and Business Owner

Ladies and Gentlemen of the City Council:

My name is Carlos Perdomo, President of the D.C. Hispanic Contractors Association and
a Business Owner  certified with the Local Business Commission.

The membership of the D.C.  Hispanic Contractors Association has looked at and
discussed the very serious issue of  desparity of small companies trying to bid and win
contracts in the District of Columbia Procurement System.  The D.C. Hispanic
Contractors Association supports the recommendations presented by Mr. Alberto Gomez
who is also a member of the Association.

Thank you for your time and consideration to our testimony.

Carlos Perdomo
President

Government of the District of Columbia



# Department of Small and Local Business Development
### *"Buy DC, By Local"*

Testimony of
## Ronnie Edwards
## Acting Director

## *On Bill 16-506*
## *The "Longtime Resident Business Definition Amendment Act of 2006"*

Committee on Economic Development
Honorable Sharon Ambrose, Chairperson
Council of the District of Columbia

October 20, 2006

Council Chambers
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004
10:00AM

One Judiciary Square, 441 4th Street, N.W., Suite 970 North, Washington, DC 20001
(202) 727-3900 Fax: (202) 724-3786

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF SMALL AND LOCAL BUSINESS DEVELOPMENT
*"Buy DC, By Local"*



October 20, 2006

Good Morning Chairman Ambrose and members of the Committee on
Economic Development.  I am Ronnie Edwards, Acting Director of the
Department of Small and Local Business Development for the District of
Columbia.  This morning, I am here on behalf of the Executive to provide
comments relating to Bill 16-506, the "Longtime Resident Business
Definition Amendment Act of 2006."

Legislative Background

As you know, in July 2005 the Council passed the District of Columbia
Small, Local and Disadvantaged Business Enterprise Development and
Assistance Act of 2005 (the "Act").  Among other things, the Act provided
for a new classification in which local businesses can be certified, the
Longtime Resident Business Enterprise ("LRB").  In order to qualify for the
LRB classification a business enterprise shall be eligible for certification as a
longtime resident business if it **"has been continuously eligible for
certification as a local business enterprise (as defined in Section 2331 of
the Act), for 20 consecutive years."**  Under the Act, firms certified as LRB
are entitled to 10 preference points in solicitations involving competitive
evaluation of proposals or, in the case of solicitations involving competitive
price bidding, 10 percent reduction in bid price.  The maximum number of

One Judiciary Square, 441 4th Street, N.W., Suite 970 North, Washington, DC 20001
(202) 727-3900 Fax: (202) 724-3786

points or percentage price reduction a certified business can receive is **12**, so the ability to earn 10 points for qualifying as an LRB makes the LRB classification the most valuable by far.

<u>Current Status</u>

Of the six classifications established by the Act (LBE, SBE, DBE, ROB, DZE and LRB), no other single classification provides more than 3 points (SBE). Currently, we have **12 firms and 1 joint venture** certified as LRB out of a total of approximately **800 certified firms**. Of those 13 business enterprises certified as LRB, all but **FIVE** (4 firms and the JV) **are also certified as small business enterprises (SBEs)**. Of those 5 certified LRB entities that are not also SBEs, 3 are professional services companies, 1 is a construction company and the other is a provider of transportation services.

<u>Concerns of LSDBE Community</u>

As you can imagine, given the value of the LRB certification applications have started to increase and, DSLBD has started to receive complaints regarding the application of the LRB provisions of the Act. The complaints we have received have primarily come from other certified firms that do not, under the current definition of longtime resident business, qualify for the LRB certification. Typically these firms have not been in business in the District of Columbia for 20 consecutive years and have requested consideration for having the 20 year threshold lowered so as to allow them to qualify for the LRB certification. Some have complained that the application of the LRB point system has virtually assured that certain large

certified firms will always prevail in competitive solicitations, because the 10 points granted for LRB ensures that those firms will always have the maximum of 12 points applied to their proposals/bids (in order to be LRB a firm must be an LBE, which entitles it to 2 points in addition to the 10 points).  When 12 preference points or a 12% price reduction is applied to a large firm's submittal, that firm which already has the advantage of size and scale over its fellow LSDBE competitors, almost always win because it becomes extremely difficult for the smaller LSDBEs to compete successfully through the standard procurement process, especially if award is based on lowest price.


Proposed Bill

If passed by the Council, Bill 16-506 would amend the longtime resident business definition to require that a company seeking to certification as LRB, would simply need to have **been certified as small business enterprises for 10 consecutive years.** Thus, eliminating the existing 20 year requirement of "continuous eligibility for certification".  This amendment to the definition of the LRB would certainly result in more certified firms being eligible to apply for LRB certification, but I'm not certain that the amendment would necessarily enhances our ability to achieve the legislative intent of the Council when it passed the 2005 Act.


We believe the objective of the LRB legislation is to recognize longstanding local businesses for remaining in the city, especially those that have remained during economic down trends and not newcomers - those firms that have enjoyed the benefits of the robust local economy that our city has

One Judiciary Square, 441 4th Street, N.W., Suite 970 North, Washington, DC 20001
(202) 727-3900 Fax: (202) 724-3786

enjoyed for the last 10 years.  The LRB certification should be used as an encouragement to longstanding local businesses in recognition of their commitment to stay in the District despite the high costs of commercial rents and/or the prices for acquiring commercial property, thereby providing them with some measure of competitive advantage in the procurement process.

DSLBD Proposal

In light of the foregoing, I would like to share with the Committee the agency's proposal for amendment of the Small, Local and Disadvantaged Business Development and Assistance Act of 2005.  We have had extensive conversations with members of the business community, as well as members of the Commission.   We believe that our approach more adequately addresses the unintended consequences created by the current definition of the longtime resident business classification and the application of the associated point system in the District's procurement process.

Our proposal has three main elements:

1.  <u>Revise LRB Definition</u>.   The first element requires that the definition of LRB be slightly modified to require that a business **"has been continuously eligible for certification as a local business enterprise," for 10 consecutive years**. This reduction in the tenure threshold should allow more local firms to qualify as longtime resident businesses, thereby creating more competition, and emphasizing the District's commitment to its long term partners.

2. <u>2-Tiered Point System</u>.  The second element requires amending the Act to provide for a two-tiered point system that would be utilized by contracting officials when applying the LRB point system in the award of contracts.  Under this two-tiered point system, certified **small business enterprises and firms with the longtime resident business certification will be entitled to receive 10 preference points or 10 percent price reduction** on bids and proposals submitted to the District government.  **Businesses not certified as SBE but are certified as LRB, will be entitled to receive 5 preference points or 5 percent price reduction** as a result of their LRB certification.  This change will reduce the significant advantage currently being enjoyed by larger, non SBE LRBs when competing for city contracts against our smaller certified companies.

3. <u>Resident Owned Business</u>.  The final element of the DSLBD proposal requires amending the Act to allow for the granting of five (5) **preference points/five (5% percent price reduction for businesses certified as a resident owned-business (ROB)** instead of the three (3) preference points/three (3%) percent price reduction currently being granted to firms certified as ROB.  This change will enable local businesses that are owned by individuals that are subject to personal income tax in the District of Columbia to better compete for city contracts, which in turn assists a group of businesses that directly contribute to the District's tax base in two

(2) ways – through the payment of corporate tax and personal income tax.

Madam Chairperson, we believe the recommendations we have advanced here today, goes a long ways towards the realization of the City's commitment to "support and grow" our local business community and maximizes our efforts to strengthen our economic base. It adds teeth to the new slogan we have advanced since my becoming Director, *"Buy Local, By DC"*.

At this time, this concludes my testimony and I am happy to answer any questions you may have. Thank you.

# Testimony before the Council of the District of Columbia

## Public Roundtable On:
### Long-term resident Business

### The Honorable Kwame R. Brown
### Councilmember-At-Large, Chairman

## October 20th. 2006 Washington DC

## Joint Testimony Presented by:

### Alberto Gomez, Commissioner
### Local Business Opportunity Commission
### and business owner.

## Recommendations:

1. Establish a two tier category under the definition of Long-term resident Business.

   A) Businesses exceeding the size standard for the industry as defined by the Act. This category will be assigned a five point preference.
   B) Businesses certified by the LSBOC as small. This category will be assigned a ten point preference.

2. Certifiable businesses under (a) and (b) must meet the requirements of location for fifteen consecutive years.
3. Provide DC Resident Business Owners with 5 preference points.

4. Enact the Small Business Fairness Act to eliminate bundling thus enhancing the ability of small business to compete under fair and equitable sizing of contracts.

5. Adopt the "Federal Equal Access to Justice Act" to supplement & Strengthen DC's "Quick Payment Act" to benefit small businesses that prevail in DC pursuing their rights in court.

6. Enact "DC Council Appeals Board Oversight Act" to fast track small business contract disputes before the District of Columbia Appeals Board.

1

Mr. Chairman, Council Members, Ladies and gentlemen: Thank you for the opportunity you have created to work with you in a common effort to enhance opportunities for LSDBEs in our great city. The District of Columbia is generating economic opportunities and it is time to insure that our resident small and disadvantaged firms share in our city's new economic climate.

We want to help small business lead our city into prosperity. In order to achieve this we must continue to be productive, forge new partnerships, foster cooperation and craft innovative solutions to solve our problems.

Mr. Chairman and members of this Committee:

We want an LSDBE program that fosters and nurtures stability and growth for the hundreds of small business in the District of Columbia that qualify to participate in this program.

Thank You for this opportunity to express our views.

2