UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITOL PAVING OF D.C., INC.** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA, et al.** | * | |
| | * | |
| **Defendants.** | | |
| | * | |

## NOTICE OF FILING

COMES NOW Fort Myer Construction Corporation ("Fort Myer"), by and through its undersigned counsel, and respectfully submits this Notice of Filing in the above action.

1. On January 17, 2007, Plaintiff Capitol Paving of D.C., Inc. filed its complaint in this Court seeking declaratory and injunctive relief from Defendant District of Columbia pursuant to a District bid opportunity.

2. On April 3, 2007, Proposed Intervenor Fort Myer Construction Corporation ("Fort Myer") filed a Motion to Intervene as an interested party in this case.

3. Proposed Intervenor Fort Myer neglected to file its Answer as an exhibit to the Capitol Paving Complaint.

4. On April 5, 2007, Proposed Intervenor Fort Myer separately filed its Answer to the Capitol Paving Complaint.

Fort Myer respectfully submits this Notice of Filing to cure any procedural defect and will allow this Court to review and act upon Fort Myer's Motion to Intervene as an interested party in the above action.

Respectfully submitted,

*Fort Myer Construction Corporation*
by its Counsel:

__/S/__Christopher M. Kerns_____
Christopher M. Kerns, Esquire
Bar No. 175091

_/S/_ John D. Bosley_____
John D. Bosley, Esquire
Bar No. 431807
2237 33rd St, Northeast
Washington, DC 20018
jbosley@fortmyer.com
Telephone: 202-636-9535
Facsimile: 202-635-5564
Counsel for Proposed Intervenor
Fort Myer Construction Corporation

Respectfully submitted,

*Fort Myer Construction Corporation*
by its Counsel:

__/S/__Christopher M. Kerns_____
Christopher M. Kerns, Esquire
Bar No. 175091

_/S/_ John D. Bosley_____
John D. Bosley, Esquire
Bar No. 431807
2237 33rd St, Northeast
Washington, DC 20018
jbosley@fortmyer.com
Telephone: 202-636-9535
Facsimile: 202-635-5564
Counsel for Proposed Intervenor
Fort Myer Construction Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAPITOL PAVING OF D.C., INC.** | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA, et al.** | * | |
| | * | |
| Defendants. | | |
| v. | | |
| **FORT MYER CONTRUCTION CORPORATION,** | * | |
| | * | |
| Third-Party Intervenor. | | |

**ANSWER OF THIRD-PARTY INTERVENOR FORT MYER CONSTRUCTION CORPORATION TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
_____

COMES NOW Third Party Intervenor Fort Myer Construction Corporation ("Fort Myer"), by and through its undersigned counsel, and in response to Plaintiff Capitol Paving of D.C., Inc.'s ("Capitol Paving") Complaint for Declaratory and Injunctive Relief, states as follows:

1. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 1 of the Complaint.

2. Intervenor Fort Myer has no knowledge of the allegations contained in the heading identified by Plaintiff as paragraph 2 of the Complaint, and therefore denies same.

1

3. Intervenor Fort Myer admits the allegations contained in the heading identified by Plaintiff as paragraphs 3 through 7 of the Complaint.

4. Intervenor Fort Myer states that the allegations contained in the heading identified by Plaintiff as paragraph 8 involve the responsibilities and duties of the Mayor of the District of Columbia.  These duties and responsibilities are statutorily guided and speak for themselves.  As such, this paragraph requires no response.

5. Intervenor Fort Myer admits the allegations contained in the heading identified by Plaintiff as paragraphs 9 through 12 of the Complaint.

6. Intervenor Fort Myer states that the allegations contained in the headings identified by Plaintiff as paragraphs 13 to 17 of the Complaint discuss the District of Columbia's contracting program and the legislation therein.  This legislation speaks for itself, and as such does not require a response.

7. Intervenor Fort Myer states that the allegations contained in the headings identified by Plaintiff as paragraph 18 of the Complaint discusses legislative history of the District of Columbia's Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005 ("2005 Act").  This legislation speaks for itself, and as such does not require a response.  To the extent that a response is required, Intervenor Fort Myer denies the allegations contained therein.

8. Intervenor Fort Myer states that the allegations contained in the headings identified by Plaintiff as paragraphs 19 to 30 of the Complaint discusses the 2005 Act.  This legislation speaks for itself, and as such does not require a response.

9. Intervenor Fort Myer has no knowledge as to the allegations contained in the headings identified by Plaintiff as paragraphs to 31 and 34 of the Complaint, and therefore denies same.

10. Intervenor Fort Myer states that the allegations contained in the headings identified by Plaintiff as paragraphs 35 and 36 of the Complaint discusses the amendments to the 2005 Act. This legislation speaks for itself, and as such does not require a response.

11. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 37 of the Complaint.

12. Intervenor Fort Myer admits the allegations contained in the first six sentences of the heading identified by Plaintiff as paragraph 38 of the Complaint. Intervenor Fort Myer is without knowledge of the next two sentences, and therefore denies same. Intervenor Fort Myer admits the final sentence of the Paragraph 38.

13. Intervenor Fort Myer is without knowledge as to the allegations contained in the heading identified by Plaintiff as paragraph 39 of the Complaint, and therefore denies same.

14. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 40 of the Complaint.

15. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 41 of the Complaint.

16. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 42 of the Complaint.

17. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 43 of the Complaint.

18. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 44 of the Complaint.

19. Intervenor Fort Myer incorporates its answers to paragraphs 1-44 of this Complaint as if fully restated in paragraph 45 of this Complaint.

20. Intervenor Fort Myer admits the allegations contained in the heading identified by Plaintiff as paragraph 46 of the Complaint.

21. Intervenor Fort Myer is without knowledge of the allegations contained in the heading identified by Plaintiff as paragraph 47 of the Complaint, and therefore denies same.

22. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 48 of the Complaint.

23. Intervenor Fort Myer incorporates its answers to paragraphs 1-48 of this Complaint as if fully restated in paragraph 49 of this Complaint.

24. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 50 of the Complaint.

25. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 51 of the Complaint.

26. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 52 of the Complaint.

27. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 53 of the Complaint.

28. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 54 of the Complaint.

29. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 55 of the Complaint.

30. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 56 of the Complaint.

31. Intervenor Fort Myer incorporates its answers to paragraphs 1-56 of this Complaint as if fully restated in paragraph 57 of this Complaint.

32. Intervenor Fort Myer states that the allegations contained in the heading identified by Plaintiff as paragraph 58 of the Complaint discuss the District of Columbia Code, which speaks for itself. As such, there is no need for a response to this paragraph.

33. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 59 of the Complaint.

34. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 60 of the Complaint.

35. Intervenor Fort Myer incorporates its answers to paragraphs 1-60 of this Complaint as if fully restated in paragraph 61 of this Complaint.

36. Intervenor Fort Myer states that the first three sentences of the allegations contained in the heading identified by Plaintiff as paragraph 62 of the Complaint discuss the District of Columbia Code and as such, the code speaks for itself, and there is no need for a response. Intervenor denies the remainder of Paragraph 62

37. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 63 of the Complaint.

38. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 64 of the Complaint.

39. Intervenor Fort Myer incorporates its answers to paragraphs 1-64 of this Complaint as if fully restated in paragraph 65 of this Complaint.

40. Intervenor Fort Myer states that the allegations contained in the heading identified by Plaintiff as paragraphs 66 through 68 of the Complaint discuss the District of Columbia Code, which speaks for itself. As such, there is no need for a response to these paragraphs.

41. Intervenor Fort Myer denies the allegations contained in the heading identified by Plaintiff as paragraph 69 of the Complaint.

42. All allegations contained in this Complaint that are not specifically addressed are hereby denied.

## FIRST DEFENSE

The Complaint fails to state a cause of action on which relief may be granted.

## SECOND DEFENSE

The Complaint has failed to comply with the conditions precedent to maintain the instant action.

## THIRD DEFENSE

The Complaint is barred by the affirmative defense of estoppel.

## FOURTH DEFENSE

The Complaint is barred by the affirmative defense of laches.

**FIFTH DEFENSE**

The Complaint is barred by any other matter constituting an avoidance or affirmative defense.

For these reasons, Intervenor Fort Myer respectfully requests that this Court enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Intervenor Fort Myer all other relief to which it is entitled.

>Respectfully submitted,
>***Fort Myer Construction Corporation***
>by its Counsel:
>
>
>  /S/ Christopher M. Kerns
>Christopher M. Kerns, Esquire
>2237 33rd St, Northeast
>Washington, DC 20018
>Telephone 202-529-3178
>Bar Number: 175091
>
>
>/S/  John D. Bosley
>John D. Bosley, Esquire
>Bar #431807
>2237 33rd Street, N.E.
>Washington, D.C.  20018
>Telephone (202) 636-9535
>Facsimile (202) 635-5564
>e-mail  JBosley@FortMyer.Com
>Counsel for Fort Myer Construction Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer was e-filed and mailed, first class, postage pre-paid, on this 5th day of April, 2007, to the following:

>Douglas A. Datt, Esquire
>Gavett and Datt, P.C.

7

15850 Crabbs Branch Way, Suite 180
Rockville, Maryland 20855-2622
*Attorney for Plaintiff*

Jack Simmons, Esquire
Office of Attorney General
441 4th Street, N.W., Sixth Floor
Washington, D.C.  20001
*Attorney for Defendant*

/S/ John D. Bosley