**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAPITOL PAVING OF D.C., INC.** | : |
|     Plaintiff | : |
| v. | : Civil Case No. 07cv113 (RJL) |
| **DISTRICT OF COLUMBIA et al.** | : |
|     Defendants | : |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO FORT MYER CONSTRUCTION CORPORATION'S MOTION TO INTERVENE**

Plaintiff, Capitol Paving of D.C., Inc. ("Capitol Paving"), by its attorneys, Gavett and Datt, P.C., and Douglas A. Datt, Esquire, respectfully files this opposition to the Motion of Fort Myer Construction Corporation ("Fort Myer") to intervene in this action.

**I.   BACKGROUND**

In this action, Plaintiff seeks to have this Court declare invalid and enjoin the implementation of a provision in the District of Columbia Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005 ("the 2005 SLDBEDA Act"), D.C. Code § 2-218.01 *et seq.*, which gives a preference to businesses who compete in the District of Columbia's contracting and procurement process who have been in business in the District of Columbia for twenty consecutive years or longer. ("Longtime Resident Business" or "LRB").

Plaintiff, a District of Columbia minority-owned and operated corporation, which has performed work in the District of Columbia for nineteen years, alleges in the Complaint that the preferences accorded to an LRB effectively preclude plaintiff and other local, small,

and/or disadvantaged enterprises from competing in the District of Columbia contracting and procurement process.

There are five Counts in the Complaint. These counts allege that the LRB classification: (1) violates Equal Protection in that it sets forth a classification and preference that are not rationally related to a legitimate state interest, are arbitrary, capricious, and unreasonable, and conflict with the stated purpose of the 2005 SLDBEDA Act to stimulate and foster greater opportunities for local, small, and disadvantaged business enterprises to participate in the District's contracting and procurement process;  (2) violates the Equal Protection clause as well as Plaintiff's civil rights in that it denies minority businesses, who, for the most part, have not had the advantage of being in business for twenty or more years, equal opportunity to participate in the District of Columbia's contracting and procurement process; (3) conflicts with the District of Columbia Procurement Practices Act because it has the effect of reducing competition; and (4) is unconstitutionally vague. Plaintiff further alleged that since the Mayor never issued any proposed rules or implementing rules, and the agencies responsible for administering the programs have never established procedures and guidelines for the implementation of the programs, the actions taken by the District of Columbia agencies and departments in certifying companies for this preference, and in applying this preference in evaluating bids and awarding contracts, are in violation of the 2005 SLDBEDA Act as well as the District of Columbia Administrative Procedures Act.

II.   **LEGAL ARGUMENT**

Fort Myer seeks to intervene in this case, taking the position that it is entitled to intervene based on its role as the evaluated low bidder with respect to one particular

solicitation issued by the District of Columbia Office of Contracting and Procurement, the First Citywide Alley Contract, D.C. Solicitation No. POKA-2005-B-0015-LA.

As Fort Myer notes in its Motion to Intervene, Capitol Paving had filed a Protest before the District of Columbia Contract Appeals Board ("CAB"), with respect to that particular solicitation, after Fort Myer was deemed the low bidder even though Capitol Paving had been the apparent low-bidder prior to the application of the LRB preference. After the CAB denied Capitol Paving's Protest, Capitol Paving sought review of the CAB decision before the District of Columbia Superior Court, Case No. CA 8266-06. Capitol Paving consented to Fort Myer's intervention in the Superior Court action since Fort Myer had been a party to the CAB Protest.

Unlike the District of Columbia Superior Court action, however, the current federal court action is not an appeal of the CAB decision with respect to the First Citywide Alley Contract solicitation. Rather, in the current action, Capitol Paving is seeking to have a provision in the SLDBEDA Act enjoined. The issues before the federal Court concern whether the District of Columbia legislation itself is unconstitutional and is otherwise in violation of the law. Although, admittedly, if the Act is enjoined, it may affect the award of the Alley Contract, among other solicitations, unlike the Superior Court action, the Alley solicitation itself is not the subject of the instant lawsuit.

As Fort Myer has observed, in order to intervene as of right pursuant to Federal Rule 24(a), Fort Myer must show that it has an interest relating to the property or transaction which is the subject of the litigation, and that Fort Meyer is so situated that the disposition of the action may as a practical matter impair Fort Meyer's ability to protect that interest,

unless Fort Meyer is adequately represented by existing parties. *Smoke v. Norton,* 252 F.3d 468 (D.C. Cir. 2001). Fort Myer has not satisfied the requirements of Fed. R. Civ. P. 24(a) to intervene as a matter of right.[1]

    **A.**    **Fort Myer Does Not Have An Interest Relating to the Property or Transaction Which is the Subject of the Action and is Not So Situated so that Disposition of the Action may Impair Its Ability to Protect That Interest**

Fort Myer is mistaken when it asserts that it has an interest in "the contract award which is the subject of this action." As noted above, the Alley Contract is *not* the subject of this action. Rather, if the 2005 SLDBEDA Act is declared unconstitutional and otherwise unlawful the Alley Contract is one solicitation that may be affected by this action. As noted in the Affidavit of Francisco R. Neto, submitted in support of Plaintiff's Motion for Preliminary Injunction in this case, since March of 2006, the District of Columbia has issued three Solicitations containing the LRB preference for work that is within the realm of expertise and scope of services performed by Capitol Paving. In addition to the Alley Contract Solicitation, the District also issued a Solicitation for FY06 City Slurry Seal and Chip Seal Contract, and a Request for Proposal for the D. C. Streetcar Anacostia Initial Line Segment. If, indeed, the LRB provision in the Act is declared unconstitutional, all or some of the solicitations issued pursuant to the Act may be affected.

In addition, Fort Myer's assertion, that "an unfavorable disposition of this action will deny Fort Myer the statutorily mandated preference to which it has been awarded and thereby impair Fort Myer's property interest" (Fort Myer's Memorandum at 3), misses the point. That is, that the "statutorily mandated preference" if unconstitutional and illegally enacted, would accord Fort Myer no statutory right because there is no lawful statute and thus no

---

[1] Capitol Paving is not taking issue with the timeliness of Fort Myer's application to intervene.

lawful LRB preference. Although Fort Myer may be a beneficiary of the application of an unconstitutional and illegally-enacted preference, this does not give Fort Myer any kind of property interest in the Alley Contract or in this litigation.

Thus, unlike the case cited by Fort Myer, *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060 (D.C. Cir. 1998), where the intervenor had standing to enforce its interpretation of a statute regarding generic drug manufacturers, in this federal action we are concerned with the constitutionality of the SLDBEDA statute itself. Thus, although Fort Myer may have standing in the Superior Court action with respect to the application of that statute to the Alley Contract solicitation, it does not have standing to defend the District of Columbia Council's actions in enacting that statute to begin with.

> **D.    Even If Fort Myer Has An Interest Relating to the Property or Transaction Which is the Subject of the Action, Any Such Interest is Adequately Represented by The District of Columbia**

Fort Myer asserts that its interests are "not entirely consonant with the interests of the District in this litigation" and that it had independent standing to respond to the original bid protest with respect to the Alley Contract solicitation as a business faced with potential loss of a large contract. Fort Myer asserts that the District's interest in that Protest, while similar to Fort Myer's, was different because it was that of a government body upholding a bid process.

Again, this litigation is NOT an appeal of the Citywide Alley Solicitation protest. That appeal is still pending, and Fort Myer is an intervenor in that suit. This lawsuit, instead, challenges the constitutionality and application of the SLDBEDA Act itself. The District of Columbia is obviously the proper party to defend whether or not that Act was lawfully enacted and whether or not it violates equal protection and other constitutional principles. Fort Myer's opinion on these issues is completely immaterial to the proceeding and only

serves to burden both the Court and plaintiff to incur additional time and expense in having to consider cumulative and perhaps additional arguments that should have no bearing whatsoever on this litigation. The District of Columbia has taken the position that the LRB provision in the SLDBEDA Act has been properly enacted, defendants are vigorously defending this lawsuit, and the District is an adequate representative of any interest Fort Myer may have with respect to the legitimacy of that legislation. *See, e.g., Seminole Nation of Oklahoma v. Norton,* 206 F.R.D. 1 (D.D.C. 2001)(Department of Interior vigorously defended itself against plaintiff, Seminole Nation's, claim with respect to proposed amendment of Seminole Constitution, thus band of Seminole Nation was not permitted to intervene even though Court recognized its potential interest in that litigation).

Therefore, even if Fort Myer is considered to have an interest relating to property or a transaction which is the subject of this action, any such interest is adequately represented by the District of Columbia

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Court deny Fort Myer Construction Corporation's Motion to Intervene.

Respectfully submitted,

GAVETT AND DATT, P.C.

/s/ *Douglas A. Datt*
Douglas A. Datt, Bar No. 410354
Rhoda S. Barish, Bar No. 366658
15850 Crabbs Branch Way, Suite 180
Rockville, MD 20855-2622
ddatt@gavettdatt.com
Telephone: (301) 948-1177
Facsimile: (301) 948-4334
**Counsel for Plaintiff**
**Capitol Paving of D.C., Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 13th day of April, 2007, a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Opposition to Fort Myer Construction Corporation's Motion to Intervene, and proposed Order were served by filing with the Court's electronic filing service, with instructions to serve on the following:

Jack M. Simmons III, Esquire
Kimberly Matthews, Esquire
Assistant Attorney General
441 Fourth Street, N. W., Sixth Floor South
Washington, D. C.  20001-2714
Telephone:  (202) 724-6653
Facsimile: (202) 727-0431
E-mail: jack.simmons@dc.gov
kimberly.matthews@dc.gov
***Counsel for Defendants District of Columbia
and Mayor Adrian Fenty***

Christopher M. Kerns, Esquire
John D. Bosley, Esquire
2237 33rd Street, N.E.
Washington, D.C.  20018
Telephone: (202)636-9535
Facsimile: (202) 635-5564
E-mail: jbosley@fortmyer.com
***Counsel for Fort Myer Construction Corporation***

                                             /s/ *Douglas A. Datt*
                                             Douglas A. Datt

F:\Data\GD\Corporate\104.000\104-35\Pleadings\Opposition-Motion-Intervene.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAPITOL PAVING OF D.C., INC. | : |
| Plaintiff | : |
| v. | : Civil Case No. 07cv113 (RJL) |
| DISTRICT OF COLUMBIA et al. | : |
| Defendants | : |

### ORDER

UPON CONSIDERATION of Fort Myer Construction Corporation's Motion to Intervene, and the Opposition thereto filed by Plaintiff, it is by the Court this \_\_\_\_ day of _____, 2007,

ORDERED, that the Motion is hereby DENIED.

_____
Judge
United States District Court for the
District of Columbia

cc:  Douglas A. Datt, Esquire
Gavett and Datt, P.C.
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855-2622

Jack M. Simmons III, Esquire
Kimberly Matthews, Esquire
Assistant Attorney General
441 Fourth Street, N. WE., Sixth Floor South
Washington, D. C.  20001

Christopher M. Kerns, Esquire
John D. Bosley, Esquire
2237 33rd Street, N.E.
Washington, D.C.  20018