UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CAPITOL PAVING OF D.C., INC.,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. Action No. 07cv113 (RJL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(May 22, 2007)[#6]

Capitol Paving of D.C. ("Capitol") has sued the District of Columbia and its Mayor, Adrian Fenty, seeking to enjoin the application of the Longtime Resident Business ("LRB") provision of the District of Columbia Small, Local, and Disadvantaged Business Enterprise Development and Assistance Act of 2005, D.C. Code § 2-218.01 *et seq.*, to the award of District contracts. Currently before the Court is Capitol's motion for a preliminary injunction seeking to enjoin the issuance of a paving contract to a third party competitor. For the following reasons, plaintiff's motion is DENIED.

## I. BACKGROUND

Under the LRB provision of the 2005 Act, businesses that have operated in the District for at least twenty years are given preferential treatment in the award of city contracts. Under this provision, a bid submitted by a LRB is deemed to be ten percent lower than its actual price for the purposes of bid selection. Unfortunately for the

1

plaintiff, it was just short of meeting this twenty year requirement.

On March 3, 2006, the District's Department of Public Works solicited bids for a citywide rehabilitation of the District's alleyways (the "Alleyway Contract"). Although Capitol submitted the lowest bid, Fort Meyer Construction, which was eligible for the LRB preference, was deemed the lowest bidder.

Capitol filed a protest with the District's Contract Appeals Board ("CAB") challenging the LRB provision. That protest was denied, however, on October 12, 2006. Capitol then petitioned for review of the CAB's decision in D.C. Superior Court and moved to stay the award of the contract. That motion was denied on March 15, 2007.[1]

In January 2007, Capitol brought this federal law suit arguing that the LRB provision: 1) violates the Equal Protection Clause insofar as it discriminates against minority owned businesses, is contrary to the stated goal of the 2005 Act, and is not rationally related to a legitimate government interest; 2) conflicts with the District of Columbia Procurement Practices Act because it has the effect of reducing competition; 3) is unconstitutionally vague; and 4) violates the Administrative Procedures Act.

On March 14, 2007, however, the LRB provision was amended, lowering the twenty year requirement to fifteen and thereby broadening the pool of eligible small businesses operating in the District. Capitol, which has been operating in the District

---

[1] Capitol also protested the application of the LRB provision to a bid solicitation for street repairs (the "Slurry Seal Contract"). On March 22, 2007, however, the solicitation was withdrawn by the District and, therefore, no contract will be awarded.

since 1987 and has been certified as a small business by the D.C. Small and Local Business Opportunity Commission is, therefore, now eligible to receive the LRB preference.

Despite this positive development, however, Capitol moved for a preliminary injunction on March 20, 2007, seeking to bar application of the original LRB preference to the Alleyway Contract. Capitol argues that the District is expected to award the contract in the immediate future and, therefore, emergency injunctive relief is required.

## II. ANALYSIS

In deciding whether to grant preliminary injunctive relief, the Court must consider: 1) whether there is a substantial likelihood of plaintiff's success on the merits, 2) whether plaintiff would suffer irreparable injury if the injunction is not granted; 3) whether an injunction would substantially injure other interested parties; and 4) whether the public interest would be furthered by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C.Cir.1998); *Washington Legal Foundation v. Leavitt*, 477 F.Supp.2d 202 (D.D.C. 2007). For the following reasons, the Court concludes that such extraordinary relief is not warranted in this case.

First, even assuming, *arguendo*, that plaintiff has a substantial likelihood of success on the merits, there is no indication that Capitol will suffer the type of irreparable harm necessary if the Court declined to issue the preliminary injunction. Indeed, as our Circuit has held, economic loss does not, in and of itself, constitute irreparable harm

unless the loss threatens the very existence of the movant's business. *Wisconsin Gas Co. v. Federal Energy Regulatory Commission,* 244 U.S. App. D.C. 349 (D.C. Cir. 1985). Here Capitol faces, at most, a temporary economic loss if it loses this contract prior to the resolution of this litigation, and as our Circuit Court noted, "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm." *Id.*

Moreover, as a result of the recent amendment to the LRB provision, Capitol is now eligible to receive the LRB preference itself. As such, a loss of the Alleyway Contract would be a limited setback and surely not evidence that Capitol would be forced out of business.[2]

Additionally, there is no reason to believe that any loss Capitol suffers cannot be remedied. To the contrary, it is reasonable to expect that Capitol will recover compensatory damages for lost profits if it ultimately prevails in its legal challenge to the Constitutionality of the LRB provision. Accordingly, the Court finds no danger of irreparable harm to the plaintiff. Not so for the defendant, however!

The grant of a preliminary injunction in this case would pose a real danger of harm to both the District and the public interest should there be a delay in the performance of the Alleyway Contract. Indeed, the District has represented, and it is uncontroverted, that these repairs are necessary for public health and safety and to avoid an inevitable increase

---

[2] As noted above, the Slurry Seal solicitation has been withdrawn. As a result that contract will not be awarded.

in the cost of the project should there be a delay.

Therefore, even assuming that Capitol is likely to succeed on the merits of its existing litigation, the potential of harm to the District and the public interest in the short run far outweighs any limited and short-term financial harm to Capitol. Accordingly, Capitol's motion is DENIED.

RICHARD J. LEON
United States District Judge